STODDARD v. OWINGS.

1. RETROSPECTIVE STATUTE—LIMITATION OF ACTIONS.—Statutes are not generally to be given a retroactive operation, but where a statute, reducing the period of limitation of action on a sealed note, declares that it shall not apply to cases where the action has been commenced, or the cause of action has already accrued, the exceptions noted require that the statute shall be construed to govern where a note had then been given, but was not yet due.   Hence a sealed note given in 1872 and due December 1,

1873, was barred in six years by the limitation prescribed in the act of November 25, 1873.

2. CASE CRITICISED—DEFINITION.—This case distinguished from Hayes *v.* Clinkscales, 9 S. C., 441, and the grounds of that decision stated. The phrase, "right of action," construed.

3. LIMITATION OF ACTIONS—CHANGE OF PERIOD.—The legislature may change the period prescribed as a limitation to actions, and make such change applicable to antecedent contracts, not then barred, if reasonable time be given to institute action.

Before GARY, J., Laurens, February, 1894.

Action by W. B. Stoddard against Isaac M. Owings, as administrator of G. B. Owings, deceased.

*Messrs. F. P. McGowan* and *Ball, Simkins & Ball,* for appellant.

*Messrs. Johnson & Richey,* contra.

July 27, 1894.   The opinion of the court was delivered by

MR. CHIEF JUSTICE McIVER.   On the 18th of July, 1873, the defendant's intestate, by his note under seal, of that date, promised to pay to the assignor of the plaintiff, on the 1st day of December, 1873, a certain sum of money therein specified. Upon this note certain credits were endorsed, the last being dated 8th of December, 1874.   On the 4th of June, 1892, the plaintiff, as assignee, commenced this action to recover the balance due on said note.   The defendant pleaded the statute of limitations, and the Circuit Judge instructed the jury that unless they believed that this action was commenced within six years after the maturity of the note, or within six years after any payment was made thereon, their verdict must be for the defendant.   The jury returned a verdict in favor of the defendant, and judgment having been entered thereon, the plaintiff appealed on the grounds set out in the record, which make the single question whether his honor, Judge Gary, erred in the above mentioned instruction given to the jury.

The solution of this question depends upon the inquiry whether the law in force at the time of the making of the contract, prescribing that an action on a sealed note can only be com-

menced within twenty years "after the cause of action shall have accrued" (Code of 1870, §§ 97 and 113), should govern, or the law in force at the maturity of the note, and at the time the action was commenced, whereby the statutory period within which an action can be brought has been reduced to six years (act of 25th of November, 1873), section 96 of the original Code (now section 93), reads as follows: "The provisions of this title shall not extend to actions already commenced, or to cases where the right of action has already accrued; but the statutes now in force shall be applicable to such cases, according to the subject of the action, and without regard to the form;" and in the next succeeding section it is provided that: "Civil actions can only be commenced within the periods prescribed in this title, after the cause of action shall have accrued, except where, in special cases, a different limitation is prescribed by statute, and in the cases mentioned in section 96" (now 93).

While it is true, as a general rule, that statutes are not to be construed retrospectively, or so as to have a retroactive effect, unless it shall clearly appear that such was the intention of the legislature (*Ex parte Graham*, 13 Rich., 277, and the authorities there cited), yet it seems to us, from the express terms of the sections above quoted, that the legislature clearly intended that the changes made in the statutory periods should apply to all actions upon contracts, whether entered into antecedently or subsequently; otherwise there would have been no necessity or propriety in expressly excepting certain actions from the operations of the statute. There are only three exceptions provided for in the Code: 1st. Where the action has already been commenced. 2d. Where the right of action had already accrued. 3d. Where a different limitation is prescribed by statute. So that the practical inquiry is whether the present case falls within either one of these exceptions. It is not and cannot be pretended that it falls within either the first or third exceptions, as the action had certainly not been commenced at the time of the passage of the act of 25th of November, 1873, changing the statutory period in an action on a sealed note from twenty to six years; and there is no statute prescribing a different limitation. The inquiry, therefore, is narrowed down

to the question whether the plaintiff's right of action had accrued at the time of the passage of the act of 25th of November, 1873. It seems to us clear that it had not. By the express terms of the contract, the maker of the note was allowed until the 1st of December, 1873, to perform his promise by paying the amount stipulated to be paid on that day; and until he failed to comply with his promise, there was and could have been no breach of the contract, and hence no cause of action. So that when the statutory period, in an action on a sealed note, was reduced from twenty to six years by the act of 25th of November, 1873, the plaintiff having neither a cause nor a right of action, the case does not fall under the second exception above stated, and there was no error on the part of the Circuit Judge in instructing the jury as he did.

It is earnestly contended, however, that the words "right of action," in section 96 (now 93) of the Code, as construed in the case of *Hayes* v. *Clinkscales*, 9 S. C., 441, is in conflict with our view. That case, however, differs widely from this. There the action was based upon a *verbal* promise, made in October, 1869, to pay a note which had become payable in November, 1859, which promise was made upon a condition not performed until March, 1874, soon after which the action was commenced. The defence set up was the statute of limitations, and to defeat that plea, plaintiff relied upon the verbal promise above mentioned, to which defendant replied that the Code required that a new promise, to avoid the statute, must be in writing. The court held that, inasmuch as the promise, *when made,* though verbal, constituted a valid contract, and that any subsequent legislation could not be allowed the effect of impairing the obligation of such contract, by importing into it additional requirements to its validity, which did not exist at the time it was entered into, the position taken by defendant could not be sustained. And hence, to avoid bringing this requirement of the Code into conflict with plain constitutional provisions, the court undertook to find some construction of the words "right of action," which would avoid such conflict, upon the well settled doctrine that a court must always, if possible, adopt such a

construction of the terms of a statute as would avoid any conflict with the Constitution, and, therefore, *in that case* resorted to what may, without impropriety, be characterized as a somewhat strained construction of those words, inasmuch as the writer of this opinion, also prepared the opinion in that case; but this was done solely for the purpose, as there declared, of avoiding the necessity of declaring that provision of the Code, if applied to antecedent contracts, to be in conflict with the Constitution.

Here, however, no such necessity arises, and hence we must place the obvious and natural construction upon the words "right of action." For there can be no doubt that the legislature may, without any violation of constitutional provisions, change the periods prescribed as a limitation to actions, either by extending or reducing the periods previously prescribed, as well in reference to antecedent as subsequent contracts. The rule is well stated in *Bigelow* v. *Bemis*, 2 Allen, 496, in these words: "It is well settled that it is competent for the legislature to change statutes prescribing a limitation to actions, and that the one in force at the time of suit brought, is applicable to the cause of action. The only restriction upon the exercise of this power is, that the legislature cannot remove a bar which has already become complete, and that no new limitation shall be made to affect existing claims, without allowing a reasonable time for parties to bring actions before their claims are absolutely barred by a new enactment."

The judgment of this court is, that the judgment of the Circuit Court be affirmed.