21445

Louis NORMAN, Jr., Appellant, v. STATE of South Carolina, Respondent.

(277 S. E. (2d) 707)

*Appellate Defender John L. Sweeny* and *Asst. Appellate Defender Tara D. Shurling* of *S. C. Commission of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. Daniel R. McLeod, Asst. Atty. Gen. William K. Moore* and *States Atty. Larry L. Vanderbilt,* Columbia, *for respondent.*

April 29, 1981.

*Per Curiam:*

Appellant was indicted for three (3) counts of housebreaking, two (2) counts of larceny, and one (1) count of receiving stolen goods. He was tried and convicted on one (1) count of housebreaking and larceny and plead guilty to the other charges. He was sentenced to fifteen (15) years' imprisonment on the conviction and given concurrent sentences of seven (7) and five (5) years on the guilty pleas. No direct appeal was taken.

Appellant filed an application for post-conviction relief which included an allegation of ineffective assistance of counsel. The lower court denied the application without conducting an evidentiary hearing and did not consider the allegation of ineffective assistance of counsel in its final order.

Counsel then filed a brief under the authority of *Anders v. California,* 386 U. S. 738, 87 S. Ct. 1396, 18 L. Ed. (2d) 493 (1967), and requested permission to withdraw as counsel. This Court denied counsel's request to withdraw and remanded for re-briefing.

Appellant now contends that the lower court erred by failing to address the allegation of ineffective assistance of counsel and by summarily denying the application for post-conviction relief. We agree and, accordingly, reverse and remand.

This Court held in *Rogers v. State,* 261 S. C. 288, 199 S. E. (2d) 761 (1973), that an allegation of ineffective assistance of counsel sets forth a *prima facie* violation of appellant's constitutional rights. Where an application for post-conviction relief alleges specific instances of ineffective assistance of counsel, which allegations are not conclusively refuted by the record before the lower court, a question of fact is raised which can only be resolved by a hearing in the lower court. *Delaney v. State,* 269 S. C. 555, 238 S. E. (2d) 679 (1977).

In this instance, appellant's specific allegation of ineffective assistance of counsel regarding the introduction of his oral statement into evidence is not conclusively refuted by the record.

Accordingly, the dismissal of appellant's application for post-conviction relief is reversed and the case is remanded for an evidentiary hearing on the issue of ineffective assistance of counsel.