21877

Robert Clyde CLAYTON, Appellant, v.
STATE of South Carolina, Respondent.
(301 S. E. (2d) 133)

*Chief Atty. John L. Sweeny* of *S. C. Com'n of Appellate Defense*, Columbia, *for appellant.*

*Atty. Gen. Travis T. Medlock, Retired Atty. Gen. Daniel R. McLeod* and *Asst. Attys. Gen. William K. Moore* and *Larry L. Vanderbilt*, Columbia, *for respondent.*

March 14, 1983.

HARWELL, Justice:

Appellant alleges the trial court erred in dismissing without prejudice his application for post conviction relief. We disagree and affirm.

In May 1978, appellant was indicted for murder in Spartanburg County. Five months later, a federal district court jury in Greenville County found appellant guilty of an unrelated federal offense of bank robbery. He received a twenty-five year prison sentence. On July 19, 1979, at appellant's scheduled trial for the Spartanburg murder charge, he entered into a negotiated plea of guilty to voluntary manslaughter. He received a twenty-four year sentence to run concurrently with his federal sentence. He did not file a direct appeal. Subsequently, he applied for post conviction relief alleging that he

received ineffective assistance of counsel, that his plea was involuntarily entered, and that his speedy trial motion was improperly denied. Appellant did not attend the post conviction relief hearing because he was incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania. Respondent moved to dismiss appellant's application because he was not present, and respondent had neither the funds nor the authority to obtain his presence at the hearing. Appellant's court appointed attorney objected to the motion but conceded that he could not proceed further without his client's presence. He further alleged that the public defender's office had neither the funds nor the authority to transport appellant to South Carolina for his post conviction relief hearing. Thereafter, the trial court dismissed appellant's application without prejudice "with the understanding that the applicant is free to reallege and refile his application upon his release or impending release from the Federal authorities and upon his return to the State of South Carolina."

We have recently held that an allegation of ineffective assistance of counsel sets forth a *prima facie* violation of an appellant's constitutional rights. When the specific allegations of ineffective assistance of counsel are not conclusively refuted by the record, a question of fact is raised which can only be resolved by an evidentiary hearing. *Norman v. State*, 276 S. C. 278, 277 S. E. (2d) 707 (1981).

Furthermore, we held in *McDuffie v. State*, 276 S. C. 229, 227 S. E. (2d) 595 (1981) that a post conviction relief applicant is entitled to an evidentiary hearing if he asserts the results of his prior conviction still persist even though he has fully served his sentence. In *McDuffie*, the applicant had served his South Carolina sentence but was incarcerated in North Carolina on another charge when he filed for South Carolina post conviction relief. We remanded for an evidentiary hearing. However, we did not address the present issue of whether the State has the duty and authority to ensure an out-of-state prisoner's presence at a South Carolina post conviction relief hearing.

Under *Norman* and *McDuffie*, appellant is entitled to an evidentiary hearing based on his allegation of ineffective assistance of counsel. However, respondent does not contend that appellant is not entitled to an evidentiary hearing. Re-

spondent merely asserts that it does not have the duty or authority to ensure appellant's presence at the scheduled hearing. We agree. When appellant returns to South Carolina, he may reapply for post conviction relief. Then he will be afforded an evidentiary hearing.

Accordingly, we affirm the trial court's order dismissing without prejudice appellant's post conviction relief application.

Affirmed.

LEWIS, C.J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.