21961

Sammie SHARPER, Appellant, v. STATE of South Carolina, Respondent.
(305 S. E. (2d) 247)

*Asst. Appellate Defender Tara D. Shurling,* of *S. C. Comm'n of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Retired Atty. Gen. Daniel R. McLeod, Asst. Atty. Gen. Donald J. Zelenka* and *Staff Atty. Sally M. Rentiers,* Columbia, *for respondent.*

July 20, 1983.

*Per Curiam:*

This appeal is from the dismissal without a hearing of appellant's application for postconviction relief. We reverse and remand to the lower court.

In March 1977 appellant was convicted of armed robbery. On direct appeal we upheld the conviction, finding no error in the trial court. *State v. Sharper,* Mem. Op. 78-38, filed April 10, 1978. In March 1982 appellant filed this application for postconviction relief, which contained among its grounds for relief a general allegation of ineffective assistance of counsel. The State filed a return and motion to dismiss the application without an evidentiary hearing. The lower court heard arguments on the motion and granted it on the ground that appellant failed to point to any specific instances where counsel was ineffective to support his general allegation of ineffective assistance of counsel, so that an evidentiary hearing was not required. *See Coardes v. State,* 262 S. C. 493, 206 S. E. (2d) 264 (1974).

Contrary to the lower court's finding, however, we find appellant did allege two specific instances where counsel was ineffective. Appellant argued he was denied effective assistance of counsel because the short interval between his indictment and trial gave him an insufficient opportunity to assist in the preparation of the defense of his case. He also alleged that trial counsel's inability to gather a certain witness was a specific instance where counsel was ineffective. These specific allegations were sufficient to set forth a *prima facie* violation of appellant's constitutional rights. *Norman v. State,* 276 S. C. 278, 277 S. E. (2d) 707 (1981).

Where an application for postconviction relief alleges specific instances of ineffective assistance of counsel which are not conclusively refuted by the record before the lower court, a question of fact is raised which can only be resolved by an evidentiary hearing. *Norman.*

Here, we find the claim that counsel rendered ineffective assistance because he failed to gather a certain witness is conclusively refuted by the record. The trial record shows that the witness in question did in fact testify for the appellant. This completely and conclusively refutes the claim that trial counsel failed in his attempt to bring the witness to testify. *See Coardes.*

We find also, however, that appellant's claim he was denied effective assistance of counsel because he had an inadequate opportunity to assist in the preparation of the defense of his case is not conclusively refuted by the record before the lower court. The record confirms appellant's factual assertion that his indictment came the day before trial, but does not conclusively show he nevertheless had sufficient opportunity to assist in the preparation of his own defense. The claim that this circumstance operated to deny appellant effective assistance of counsel was not squarely presented to the trial court, so the record cannot be said to conclusively refute it. *Cf. State v. Carpenter,* 277 S. C. 309, 286 S. E. (2d) 384 (1982) (claim of ineffective assistance of counsel at trial will not normally be considered on appeal from a conviction, particularly when the issue is not argued to the trial judge). Appellant was entitled to a hearing in this specific allegation of ineffective assistance of counsel.

The ruling of the lower court is reversed and the case remanded for proceedings consistent with this opinion.