24410

Albert PELOQUIN, Petitioner v. STATE of South Carolina, Respondent.

(469 S.E. (2d) 606)

Supreme Court

*Deputy Chief Attorney Joseph L. Savitz, III* and *Assistant Appellate Defender Leslie M. Coggiola, SC Office of Appellate Defense,* Columbia, *for petitioner.*

*Attorney General Charles Molony Condon, Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Teresa Nesbitt Cosby,* and *Assistant Attorney General General Teresa A. Knox,* Columbia, *for respondent.*

Submitted Mar. 27, 1996.

Decided Apr. 15, 1996.

## ON WRIT OF CERTIORARI

*Per Curiam:*

Petitioner pled guilty to possession of cocaine with intent to distribute, trafficking in marijuana and trafficking in cocaine and was sentenced to imprisonment for twenty years. No direct appeal was taken. Petitioner now seeks a writ of certiorari to review to the order of the postconviction relief (PCR) judge granting the State's motion to summarily dismiss his application. We grant the writ, dispense with further briefing, reverse the order of the PCR judge and remand this matter.

Petitioner pled guilty on September 29 1993, and filed his application for PCR on July 10, 1995. On July 1, 1995, S.C.

code Ann. § 17-27-45 (Supp. 1995), which creates the first statute of limitations for postconviction relief, actions became effective. Section 17-27-45(A) states:

> An application for relief filed pursuant to this chapter must be filed within one year after the entry of a judgment of conviction or within one year after the sending of the remittitur to the lower court from an appeal or the filing of the final decision upon an appeal, whichever is later.

The PCR judge dismissed petitioner's application on the ground that the application was filed more than a year after his convictions were final and therefore well after the statute of limitations had expired. Petitioner argues that this finding was in error and that he is entitled to a one-year period after the effective date of the statute in which to file an application. We agree

The legislature may reduce the period in which actions may be brought and may make such reduction applicable to existing causes of action; however, no new limitation shall be made to affect existing claims without allowing a reasonable time for parties to bring actions before their claims are absolutely barred by a new enactment. *Gillespie v. Pickens County,* 197 S.C. 217, 14 S.E. (2d) 900 (1941); *Stoddard v. Owings,* 42 S.C. 88, 20 S.E. 25 (1894); 16A C.J.S. *Constitutional law,* § 271 (1984).

In this case, the legislature did not provide for a period of time in which applications which would otherwise be barred by the one-year statute of limitations could be brought. Accordingly, in our opinion, all those convicted prior to the effective date of the statute should be allowed one year after its effective date to file an application. Petitioner's application was filed within a year of the effective date of the statute and the PCR judge therefore erred in dismissing petitioner's application. Accordingly, the order of the PCR judge is reversed and this matter remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.