515 S.E.2d 523

**Legrand NORRIS, Petitioner,**

v.

**STATE of South Carolina, Respondent.**

**No. 24930.**

Supreme Court of South Carolina.

Submitted Feb. 18, 1999.

Decided April 5, 1999.

Daniel T. Stacey, Chief Attorney, of South Carolina Office of Appellate Defense, of Columbia, for petitioner.

Attorney General Charles M. Condon; Deputy Attorney General John W. McIntosh; Assistant Deputy Attorney General Teresa A. Knox, all of Columbia, for respondent.

TOAL, Acting Chief Justice:

In this post-conviction relief ("PCR") case, the PCR court dismissed Legrand Norris's ("petitioner") application without prejudice, finding petitioner mentally incompetent to proceed with the case. We granted the petition for a writ of certiorari to review the PCR court's decision. We affirm.

### FACTUAL/PROCEDURAL BACKGROUND

In November 1990, petitioner was convicted of kidnaping and criminal sexual conduct third degree. He was sentenced to life imprisonment for kidnaping and ten years for criminal sexual conduct. Petitioner appealed and this Court affirmed his conviction and sentence pursuant to Rule 220(b)(1), SCACR. *State v. Norris*, Op. No. 92-MO-93 (filed April 24, 1992).

In March 1995, petitioner filed an application for PCR. Prior to the PCR hearing, petitioner's attorney, Reece Williams, requested that petitioner undergo a psychiatric examination. The PCR court agreed and ordered the examination. Psychiatrist Dr. Richard L. Frierson examined petitioner and determined that he suffered from Bipolar Disorder, Mixed type. Dr. Frierson's evaluation report was admitted at the PCR hearing, and Dr. Frierson testified that, in his opinion, petitioner was not competent to proceed with the PCR hearing.

Dr. Frierson further testified that petitioner was not taking his medication, and if he were, there was a "good" likelihood that he might be restored to competency.

During the hearing, the PCR judge stated that based on Dr. Frierson's testimony, the case should be continued. The attorney for the State later requested that the case be dismissed without prejudice instead of being continued, explaining, "If we just continue it we're going to have to put [petitioner] on the roster every time." Petitioner's attorney did not object to the State's request and, in fact, endorsed it, stating: "And so I don't think that we have any choice but to, as Miss Knox says, perhaps dismiss this without prejudice until [petitioner] achieves some degree of understanding about what's going on. . . ." The PCR court then ordered that the case be dismissed without prejudice.

This Court granted a petition for a writ of certiorari to consider the following issue:

Whether the PCR court erred when it dismissed petitioner's case without prejudice, rather than continuing it on the docket until such time as petitioner is competent to proceed?

### LAW/ANALYSIS

Petitioner argues that the appropriate action under these circumstances would be to continue the case, rather than dismiss it without prejudice. He contends that, otherwise, complicated litigation could arise with respect to the statute of limitations or tolling due to mental incompetency. We disagree.

An application for post-conviction relief must be filed within one year after the entry of a judgment of conviction, or within one year after the sending of the remittitur to the lower court from an appeal or the filing of the final decision upon an appeal, whichever is later. S.C.Code Ann. § 17–27–45(A) (Supp.1998). However, if a defendant was convicted prior to the effective date of the PCR statute of limitations (July 1, 1995), that defendant had one year from the effective date to bring his application for post-conviction relief. *Peloquin v. State*, 321 S.C. 468, 469 S.E.2d 606 (1996) (holding that all defendants convicted prior to the effective date of the statute

should be allowed one year after its effective date to file an application).

In the instant case, petitioner's convictions were affirmed by this Court in April 1992 (prior to the effective date of the PCR statute of limitations). Thus, the latest date that petitioner could have filed any post-conviction relief application was July 1, 1996—one year after the effective date of the PCR statute of limitations. *See Peloquin, supra.* Petitioner's initial PCR application was timely filed in March 1995. Yet, the PCR judge dismissed petitioner's case without prejudice on November 7, 1996. The PCR judge's written order of dismissal was issued on January 8, 1997.

In general, when an action is dismissed without prejudice, the statute of limitations will bar a subsequent suit if the statute runs in the interim. *Rink v. Richland Memorial Hosp.*, 310 S.C. 193, 422 S.E.2d 747 (1992). However, a defendant is estopped from claiming the defense of statute of limitations when the defendant consents to plaintiffs motion for voluntary dismissal without prejudice, and the statute has run prior to the granting of the dismissal. *Mende v. Conway Hosp., Inc.*, 304 S.C. 313, 404 S.E.2d 33 (1991). Petitioner's initial PCR application was not dismissed until November 1996—several months after the PCR statute of limitations had already run. The State consented to the dismissal and agreed that petitioner should be allowed to file his application at a later time once he regained competency. The PCR judge, without objection from the State, informed petitioner that he could file his application at a later time. Moreover, the State takes the position on appeal that it would have no objection to petitioner filing a future PCR application once he regained competency. Thus, pursuant to *Mende*, the State would be estopped in the future from asserting the defense of statute of limitations whenever petitioner re-files his PCR application.

We recognize that the PCR Act does not provide for tolling the statute of limitations due to mental incompetency. However, in light of the fact that the instant case can be resolved pursuant to *Mende*, we find it unnecessary to address the tolling issue. We therefore find there is no unfair prejudice to petitioner as a result of the PCR court's ruling.

34

### CONCLUSION

Based on the foregoing, we **AFFIRM** the PCR court's decision to dismiss petitioner's case without prejudice.

MOORE, WALLER, and BURNETT, JJ., concur.

FINNEY, C.J., not participating.