522 S.E.2d 342

**Steve CARTER, Petitioner,**

v.

**STATE of South Carolina, Respondent.**

No. 25005.

Supreme Court of South Carolina.

Submitted Oct. 5, 1999.

Decided Oct. 11, 1999.

18

Senior Assistant Appellate Defender Wanda H. Haile, of South Carolina Office of Appellate Defense, of Columbia, for petitioner.

Attorney General Charles Molony Condon, Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Teresa A. Knox, and Assistant Attorney General Lawrence G. Wedekind, all of Columbia, for respondent.

PER CURIAM:

Petitioner seeks a writ of certiorari from an order of the circuit court dismissing his application for post-conviction relief (PCR) without prejudice. We grant the petition, dispense with further briefing, and affirm.

■ Petitioner is incarcerated in a federal prison. Because petitioner was not incarcerated in this State at the time of his PCR application, the application was dismissed without prejudice to his right to apply for PCR when he is incarcerated in a State facility. *See Clayton v. State,* 278 S.C. 655, 301 S.E.2d 133 (1983) (PCR application is properly dismissed when the applicant is incarcerated in federal prison). However, at the time of the dismissal the statute of limitations had run. S.C.Code Ann. § 17–27–45(A) (Supp.1998). Section 17–27–45 contains no provision for tolling the statute of limitations where the applicant is incarcerated in another jurisdiction.

■ In general, when an action is dismissed without prejudice, the statute of limitations will bar a subsequent suit if the statute runs in the interim. *Norris v. State,* 335 S.C. 30, 515 S.E.2d 523 (1999). However, where the State consents to the dismissal of a PCR application after the statute of limitations has run and agrees that the petitioner should be allowed to refile an application, the State is estopped from asserting the statute of limitations as a defense to a subsequent PCR application. *Id.*

In *Norris,* we recognized that § 17–27–45 contains no provision for tolling the statute of limitations during an applicant's mental incompetence. Similarly, there is no provision for tolling where an applicant is incarcerated in another jurisdiction. However, as in *Norris,* because of the consent to the dismissal and the agreement that petitioner should be allowed to refile an application when he is incarcerated in this State, the State is estopped from asserting the statute of limitations if petitioner attempts to file a subsequent application for PCR. In light of this holding, it is unnecessary for this Court to address the tolling issue.

The order of the PCR judge dismissing petitioner's application without prejudice to his right to file an application when he is incarcerated in this State is **AFFIRMED.**

WALLER, J., not participating.