606 S.E.2d 779

**Johnny Wayne SUTTON, Petitioner,**

v.

**STATE of South Carolina, Respondent.**

**No. 25910.**

Supreme Court of South Carolina.

Submitted Oct. 20, 2004.

Decided Dec. 13, 2004.

Phillip J. Mace, of Columbia, for Petitioner.

Attorney General Henry D. McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney

General Salley W. Elliott, and Assistant Attorney General Elizabeth R. McMahon, all of Columbia, for Respondent.

Justice BURNETT:

The circuit court dismissed Johnny W. Sutton's (Petitioner) post-conviction relief (PCR) application as barred by the statute of limitations. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Petitioner was convicted in 1991 of murder and was sentenced to life in prison. We affirmed. *State v. Sutton*, Op. No. 93–MO–197 (S.C. Sup. Ct. filed July 19, 1993) (unpublished decision).

Petitioner filed his first PCR application on May 8, 2001, and later amended it. He alleged the one-year statute of limitations should not bar his application because his trial and appellate attorneys failed to inform him of his right to seek collateral review of his conviction on grounds not available in a direct appeal.

The PCR judge dismissed Petitioner's application as untimely without an evidentiary hearing because it was filed nearly five years after July 1, 1996—the deadline to file an application for all persons convicted before the effective date of the statute of limitations contained in S.C.Code Ann. § 17–27–45(A) (2003). *See Peloquin v. State*, 321 S.C. 468, 469 S.E.2d 606 (1996).

We granted Petitioner's writ of certiorari to address a novel issue:

Did the circuit court err in summarily dismissing Petitioner's PCR application as untimely, where Petitioner alleged he did not file a timely application because neither his trial nor his appellate attorneys informed him of the statutory right to file an application?

## STANDARD OF REVIEW

Dismissal of a PCR application without a hearing is appropriate only when (1) it is apparent on the face of the application that there is no need for a hearing to develop any facts and (2) the applicant is not entitled to relief. S.C.Code Ann.

§ 17–27–70(b) and (c) (2003). When considering the State's motion for dismissal of an application, where no evidentiary hearing has been held, the circuit court must assume facts presented by an applicant are true and view those facts in the light most favorable to the applicant. Similarly, when reviewing the propriety of a dismissal, we must view the facts in the same fashion. *See* S.C.Code Ann. § 17–27–80 (2003) (PCR actions are governed by usual rules of civil procedure); *Wilson v. State*, 348 S.C. 215, 559 S.E.2d 581 (2002); *Al–Shabazz v. State*, 338 S.C. 354, 364, 527 S.E.2d 742, 747 (2000).

In a case raising a novel issue of law, the appellate court is free to decide the question of law with no particular deference to the trial court. *Osprey, Inc. v. Cabana Ltd. Partnership*, 340 S.C. 367, 372, 532 S.E.2d 269, 272 (2000); *I'On, L.L.C. v. Town of Mt. Pleasant*, 338 S.C. 406, 411, 526 S.E.2d 716, 718 (2000). We will reverse the PCR judge's decision when it is controlled by an error of law. *Sheppard v. State*, 357 S.C. 646, 651, 594 S.E.2d 462, 465 (2004); *Pierce v. State*, 338 S.C. 139, 145, 526 S.E.2d 222, 225 (2000).

## LAW AND ANALYSIS

Petitioner argues the PCR judge erred in dismissing his application as untimely because neither trial nor appellate counsel informed him of the availability of PCR following his conviction and unsuccessful appeal. We disagree.

A person convicted or sentenced for a crime has a statutory right to file a PCR application. S.C.Code Ann. §§ 17–27–10 to –160 (2003). In a PCR proceeding, "the focus usually is upon alleged errors made by trial or plea counsel.... The applicant attempts to show that his or her attorney erred in a manner that a reasonably proficient attorney would not, and that the error prejudiced his case." *Al–Shabazz v. State*, 338 S.C. 354, 363–364, 527 S.E.2d 742, 747 (2000) (explaining the history and basic principles of the PCR process, and holding that PCR generally is limited to collateral attacks on the validity of a conviction or sentence).

A PCR action is a civil action generally subject to rules and statutes that apply in civil proceedings. *Wade v. State*, 348 S.C. 255, 263, 559 S.E.2d 843, 846–847 (2002); S.C.Code

Ann. § 17–27–80 (2003). A PCR application ordinarily "must be filed within one year after the entry of a judgment of conviction or within one year after the sending of the remittitur to the lower court from an appeal or the filing of the final decision upon an appeal, whichever is later." S.C.Code Ann. § 17–27–45(A) (2003). After the Legislature enacted the statute of limitations in 1995, we held that all persons convicted before the statute's effective date had one additional year to file an application. Consequently, the application of persons such as Petitioner had to be filed by July 1, 1996. *Peloquin v. State,* 321 S.C. 468, 469 S.E.2d 606 (1996).

Absent extraordinary circumstances, such as when a defendant inquires about an appeal, there is no constitutional requirement that a defendant be informed of the right to a direct appeal from a guilty plea. *Weathers v. State,* 319 S.C. 59, 459 S.E.2d 838 (1995). On the other hand, when a defendant is convicted and sentenced after a trial, "trial counsel in all cases has a duty to make certain that the client is fully aware of the right to appeal, and if the client is indigent, assist the client in filing an appeal." *Wilson v. State,* 348 S.C. 215, 218 n. 3, 559 S.E.2d 581, 583 n. 3 (2002) (citing *In re Anonymous Member of the Bar,* 303 S.C. 306, 400 S.E.2d 483 (1991) and *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967)); *see also* Rule 602(e), SCACR ("Trial counsel, whether retained, appointed, or Public Defender, shall continue representation of an accused until final judgment, including any proceeding on direct appeal" unless relieved by court order or case is properly transferred to the state Office of Appellate Defense).

We accept as true, as we must at this stage of the proceeding, Petitioner's allegation that his trial and appellate attorneys never informed him of the right to file a PCR application. However, we decline to impose a duty on trial or appellate counsel to inform a convicted defendant of the availability of PCR or the one-year deadline to file an application.

We have described a PCR action as a hybrid form of action because it is rooted in a criminal case, which means important constitutional protections and criminal law concepts are regularly implicated. *Wade,* 348 S.C. at 263, 559 S.E.2d at 847

(PCR cases are treated differently from traditional civil cases, requiring, for example, that appellate counsel brief all arguable issues despite counsel's belief the appeal is frivolous and requiring, by statute, court-appointed counsel for an indigent applicant who is granted a hearing). Nevertheless, we reject Petitioner's argument because, while a PCR action is hybrid in nature, it generally remains subject to rules and statutes that apply in civil proceedings. Accordingly, we affirm the PCR judge's decision to dismiss Petitioner's application because it is apparent on the face of the application there is no need for a hearing to develop any facts and Petitioner is not entitled to relief.

## CONCLUSION

We affirm the circuit court's dismissal of Petitioner's PCR application on the ground it was barred by the statute of limitations. We conclude neither trial nor appellate counsel has a duty to inform a convicted defendant of the availability of PCR or the one-year deadline to file an application.

**AFFIRMED.**

TOAL, C.J., MOORE, WALLER and PLEICONES, JJ., concur.