611 S.E.2d 494

Robert Lee LEAMON, Petitioner,

v.

STATE of South Carolina, Respondent.

No. 25957.

Supreme Court of South Carolina.

Submitted Feb. 16, 2005.

Decided March 28, 2005.

Assistant Appellate Defender Aileen P. Clare, of Columbia, for Petitioner.

Henry Dargan McMaster, John W. McIntosh, Salley W. Elliott, and Elizabeth R. McMahon, all of the Office of the Attorney General, of Columbia, for Respondent.

Justice BURNETT.

Robert Lee Leamon (Petitioner) pled guilty to five counts of armed robbery and was sentenced to concurrent terms of imprisonment for twenty-five years on each count. The post-conviction relief (PCR) judge concluded Petitioner's PCR application was time-barred. We affirm.

## FACTUAL/PROCEDURAL BACKGROUND

Petitioner was jailed in North Carolina on December 6, 1992. On December 9, 1992, South Carolina placed a detainer on Petitioner. In October 1995, Petitioner was indicted by the Greenville County Grand Jury for five counts of armed robbery. Petitioner was transported to South Carolina and on November 20, 1995, he pled guilty to those charges. After pleading guilty, Petitioner was returned to North Carolina to serve his remaining sentence for crimes committed in that jurisdiction.

On November 22, 1999, after serving his sentence in North Carolina, Petitioner was transferred to South Carolina to complete his sentence for the armed robbery convictions. Petitioner filed his PCR application on May 19, 2000. The PCR judge dismissed the PCR application, finding it was filed after the one-year statutory filing period. Petitioner appeals and requests this Court remand the case for a full evidentiary hearing.

## ISSUE

Does the statute of limitations for PCR applications, S.C.Code Ann. § 17–27–45(A) (2003), apply to an applicant who is incarcerated in another jurisdiction?

## STANDARD OF REVIEW

Summary dismissal of a PCR application without a hearing is appropriate only when (1) it is apparent on the face of the application that there is no need for a hearing to develop any facts and (2) the applicant is not entitled to relief. S.C.Code Ann. § 17–27–70(b) and (c) (2003). When considering the State's motion for summary dismissal of an application, where no evidentiary hearing has been held, the circuit court must assume facts presented by an applicant are true and view those facts in the light most favorable to the applicant. Similarly, when reviewing the propriety of a dismissal, this Court must view the facts in the same fashion. *See* S.C.Code Ann. § 17–27–80 (2003) (PCR actions are governed by usual rules of civil procedure); *Wilson v. State,* 348 S.C. 215, 559 S.E.2d 581 (2002); *Al–Shabazz v. State,* 338 S.C. 354, 364, 527 S.E.2d 742, 747 (2000).

In a case raising a novel issue of law, the appellate court is free to decide the question of law with no particular deference to the trial court. *Osprey, Inc. v. Cabana Ltd. Partnership,* 340 S.C. 367, 372, 532 S.E.2d 269, 272 (2000); *I'On, L.L.C. v. Town of Mt. Pleasant,* 338 S.C. 406, 411, 526 S.E.2d 716, 718 (2000). The Court will reverse the PCR judge's decision when it is controlled by an error of law. *Sheppard v. State,* 357 S.C. 646, 651, 594 S.E.2d 462, 465 (2004); *Pierce v. State,* 338 S.C. 139, 145, 526 S.E.2d 222, 225 (2000).

## LAW/ANALYSIS

Petitioner argues he filed his PCR application within one year from the date he returned to South Carolina. Petitioner contends this Court should extend the rationale set forth in *Odom v. State,* 337 S.C. 256, 523 S.E.2d 753 (1999), and rule Petitioner was denied his "one bite at the apple" because his involuntary detention in North Carolina prevented him from timely filing his PCR application. We disagree.

A PCR application ordinarily "must be filed within one year after the entry of a judgment of conviction or within one year after the sending of the remittitur to the lower court from an appeal or the filing of the final decision upon an appeal, whichever is later." S.C.Code Ann. § 17-27-45(A) (2003).

We conclude incarceration in another state does not toll the running of the statute of limitations. Petitioner had a full year to submit a post-conviction petition. Ignorance of the statute of limitations is not an excuse for late filing, even when the Petitioner claims he did not learn of the statute because he was incarcerated in another state. *See e.g., Brown v. State,* 928 S.W.2d 453, 456 (Tenn.Crim.App.1996); *Phillips v. State,* 890 S.W.2d 37, 38 (Tenn.Crim.App.1994).

Petitioner relies on this Court's decisions in *Carter v. State,* 337 S.C. 17, 522 S.E.2d 342 (1999) and *Wilson v. State,* 348 S.C. 215, 559 S.E.2d 581 (2002) in arguing for equitable relief. These cases are distinguishable from the present case.

In *Carter,* the defendant was incarcerated in federal prison. The PCR judge dismissed the defendant's PCR application without prejudice allowing the defendant the right to apply for

PCR when he was later incarcerated in a State facility. This Court affirmed the PCR judge's dismissal of the case without prejudice to the defendant's right to later file an application. The present case is distinguishable. In *Carter*, the State consented to the dismissal of the PCR application after the statute of limitations had run and agreed the defendant should be allowed to refile at a subsequent date. Therefore, the State was estopped from asserting the statute of limitations. *Carter*, 337 S.C. at 19, 522 S.E.2d at 342.

Petitioner contends this Court's holding in *Wilson* supports Petitioner's argument for equitable relief. We disagree. In *Wilson*, the defendant instructed his attorney to appeal his conviction and the attorney failed to do so. Wilson filed a PCR application alleging ineffective assistance of counsel. The PCR judge dismissed the defendant's claim because it was untimely under the statute of limitations. This Court reversed the PCR judge and remanded the case for an evidentiary hearing to determine if the defendant knowingly and intelligently waived his right to direct appeal. *Wilson*, 348 S.C. at 218, 559 S.E.2d at 583. In the present case, Petitioner does not allege he instructed his attorney to appeal his conviction.

Petitioner also relies on this Court's decision in *Clayton v. State*, 278 S.C. 655, 301 S.E.2d 133 (1983). In *Clayton*, the Court concluded the State does not have the duty and authority to ensure an out-of-state prisoner's presence at a South Carolina PCR hearing. However, the fact that the State is not required to transport federal inmates for State PCR proceedings, does not prevent an out-of-state inmate from *filing* a PCR application within the statute of limitations.

## CONCLUSION

For the foregoing reasons, we affirm the decision of the PCR judge and conclude a prisoner's incarceration in another jurisdiction does not equitably toll the limitations period for post-conviction relief.

TOAL, C.J., MOORE, WALLER and PLEICONES, JJ., concur.