THIS OPINION HAS NO PRECEDENTIAL VALUE AND SHOULD NOT BE CITED OR RELIED ON AS 

PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Roosevelt Eison, Petitioner
 v.
 State of South Carolina, Respondent
 
 
 

Appeal From Union County
 Lee S. Alford, Circuit Court Judge
Unpublished Opinion No.  2007-UP-348
Submitted June 1, 2007  Filed July 6, 2007
AFFIRMED

 
 
 
 Roosevelt Eison, Pro Se,  for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Attorney General Salley W. Elliott, Assistant Attorney General Julie M. Thames, Office of the Attorney General, all of Columbia, for Respondent.
 
 
 

PER CURIAM: Following his conviction and subsequent direct appeal, Eison filed his initial petition for writ of habeas corpus on May 23, 1996.  This petition was construed by the circuit court to be a PCR.  Following a hearing, the circuit court dismissed the action.  Eison appealed the dismissal to the Supreme Court, but his petition for writ of certiorari was denied on  December 29, 1998.
 
Eison then filed a petition for writ of habeas corpus in the South Carolina Supreme Court on January 5, 1999.  His petition was denied on February 5, 1999.  Eison then filed a petition for writ of habeas corpus in federal court on March 11, 1999.  That petition was dismissed by the Fourth Circuit Court of Appeals on June 6, 2000.  Eison then filed another petition for writ of habeas corpus in the circuit court on October 11, 2000.  A PCR hearing was held, and Eisons petition was dismissed on June 26, 2001.  Eison appealed the dismissal to the Supreme Court, but his petition for writ of certiorari was denied on February 21, 2003. 
 
Eison filed the instant petition for writ of habeas corpus on February 20, 2004, in the circuit court.  In this petition, Eison contended he had been denied due process of law in violation of the federal constitutions fourteenth amendment by the state knowingly presenting false testimony; failing to disclose exculpatory, impeachment, and mitigating information.  By order filed March 14, 2005, the circuit court dismissed the petition because Eison was procedurally barred from filing a petition for writ of habeas corpus in a circuit court. The court also found that the Supreme Court was the proper place for him to file his petition for writ of habeas corpus due to the matter he alleged entitled him to relief being a matter which could have been filed in a PCR action.  The court went on to review the action as a PCR and found that it should be dismissed even if treated as a PCR because it was  successive and filed untimely pursuant to S.C. Code Ann. § 17-27-45(a).  This appeal follows.
Eison claims the circuit court erred in failing to order the State to respond to his subpoenas and discovery motion before dismissing the action.  He also claims the circuit court violated his procedural and substantive due process by failing to abide by established rules and procedures.  We affirm the circuit courts decision pursuant to Rule 220(b), SCACR, and the following authorities: Keller v. Mauney, 330 S.C. 568, 500 S.E.2d 123 (Ct. App. 1998) (holding that a person whose claim for relief could have been raised in a PCR application is procedurally barred from petitioning a circuit for a writ of habeas corpus and his only means of seeking such a writ is in the original jurisdiction of the Supreme Court); Gibson v. State, 329 S.C. 37, 495 S.E.2d 426 (1998) (stating a petition for a writ of habeas corpus can be treated as a PCR application); Aice v. State, 305 S.C. 448, 409 S.E.2d 392
 (1991) (stating successive applications for relief are not to be entertained, and the burden shall be on the applicant to establish that any new ground raised in a subsequent application could not have been raised by him in the previous application.); Peloquin v. State, 321 S.C. 468, 469 S.E.2d 606
 (1996) (applying the one year statute of limitations contained in S.C. Code Ann. § 17-27-45); Bayle v. South Carolina Dept. of Transp.,  344 S.C. 115, 128-129, 542 S.E.2d 736, 743 (Ct. App. 2001) (stating that the trial judge did not abuse his discretion in quashing the motion for additional discovery and granting summary judgment where appellant failed to demonstrate further discovery would have contributed to the resolution of the issue at hand, whether the statute of limitations barred [the] action.).
Accordingly, the order of the circuit court is
AFFIRMED.[1]
STILWELL, SHORT, and WILLIAMS, JJ., concur

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.