THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Supreme Court

 
 
 
 Travis D.
 Corley, Petitioner,
 v.
 State of South Carolina, Respondent.
 
 
 

ON WRIT OF CERTIORARI

Appeal From Barnwell County
 Doyet A. Early, III, Post-Conviction
 Relief Judge
Memorandum Opinion No. 2008-MO-053
Submitted December 16, 2008  Filed
 December 22, 2008   
REVERSED AND REMANDED

 
 
 
 Appellate Defender Eleanor Duffy Cleary, South Carolina Commission
 on Indigent Defense, Division of Appellate Defense, of Columbia, for
 Petitioner.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott,
 and Assistant Attorney General Lance S. Boozer,  all of Columbia, for
 Respondent.
 
 
 

PER
 CURIAM:  Petitioner seeks
 a writ of certiorari from the dismissal without prejudice of his application
 for post-conviction relief (PCR).  The State agrees to a remand for an
 evidentiary hearing.  We grant the petition, dispense with further briefing,
 and remand this matter for an evidentiary hearing.
Because
 the State does not have the duty or the
 authority to ensure an out-of-state prisoners presence at a South Carolina PCR
 hearing, a PCR
 application may be dismissed without prejudice when the applicant is in custody
 out-of-state.  Carter v. State, 337 S.C. 17, 522 S.E.2d 342 (1999); Clayton v. State, 278
 S.C. 655, 301 S.E.2d 133 (1983).  However, a hearing may be held without the
 applicant being physically present.  See S.C. Code Ann. § 17-27-80 (2003) (at a PCR
 evidentiary hearing, the court may receive proof by affidavits, depositions,
 oral testimony, or other evidence).
Petitioner
 is currently in federal custody in Kentucky and alleges his South Carolina
 conviction is affecting his federal sentence.  Because petitioners claim would
 be moot if it were heard after petitioner is released from federal custody, we
 reverse the order of the PCR judge and remand this matter for the appointment
 of counsel and an evidentiary hearing.  Petitioner may participate in the
 proceedings via telephone, deposition, or other agreed upon method which would
 preserve the States right to cross-examine petitioner.  Any other witnesses
 may testify in person at the hearing.
REVERSED
 AND REMANDED.
TOAL,
 C.J., WALLER, PLEICONES, BEATTY and KITTREDGE, JJ., concur.