**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

William Outlaw, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2012-213200

Appeal From Chesterfield County
Paul M. Burch, Circuit Court Judge

Unpublished Opinion No. 2014-UP-231
Submitted May 1, 2014 – Filed June 18, 2014

**REVERSED AND REMANDED**

Appellate Defender Robert M. Pachak, of Columbia, for Petitioner.

Attorney General Alan McCrory Wilson and Assistant Attorney General Tyson A. Johnson, Sr., both of Columbia, for Respondent.

**PER CURIAM:** Petitioner seeks a writ of certiorari from the denial of his application for post-conviction relief (PCR). Because there is a question of fact as to whether Petitioner knowingly waived his right to appellate review, we grant the

petition for a writ of certiorari, dispense with further briefing, reverse the PCR court's summary dismissal of Petitioner's application, and remand to the PCR court for an evidentiary hearing to consider the merits of Petitioner's application. *See Leamon v. State*, 363 S.C. 432, 434, 611 S.E.2d 494, 495 (2005) ("Summary dismissal of a PCR application without a hearing is appropriate only when (1) it is apparent on the face of the application that there is no need for a hearing to develop any facts and (2) the applicant is not entitled to relief."); *Wilson v. State*, 348 S.C. 215, 217, 559 S.E.2d 581, 582 (2002) ("When considering the State's motion for summary dismissal of an application for PCR, a judge must assume facts presented by an applicant are true and view those facts in the light most favorable to the applicant."); S.C. Code Ann. § 17-27-45(A) (2014) ("An application for [PCR] must be filed within one year after the entry of a judgment of conviction or within one year after the sending of the remittitur to the lower court from an appeal or the filing of the final decision upon an appeal, whichever is later."); *Wilson*, 348 S.C. at 218, 559 S.E.2d at 582-83 (stating "every defendant has a right to file a direct appeal and one PCR application" (footnote omitted)); *id.* at 218-19, 559 S.E.2d at 583 (reversing the summary dismissal of a petitioner's PCR application and remanding to the PCR court for an evidentiary hearing to determine if the petitioner knowingly and intelligently waived his right to a direct appeal when the petitioner was denied a direct appeal due to ineffective assistance of counsel and then was denied the right to a PCR application because of the statute of limitations).

**REVERSED AND REMANDED.**[1]

**HUFF, THOMAS, and LOCKEMY, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.