662 S.E.2d 618

**Nathaniel K. PELZER, Petitioner,**

**v.**

**STATE of South Carolina, Respondent.**

**No. 4399.**

Court of Appeals of South Carolina.

Submitted June 1, 2008.

Filed June 5, 2008.

---

**2.** We decide this case without oral argument pursuant to Rule 215, SCACR.

Assistant Appellate Defender Robert M. Pachak, of Columbia, for Petitioner.

Attorney General Henry D. McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney General Brian T. Petrano, all of Columbia, for Respondent.

## ON WRIT OF CERTIORARI

ANDERSON, J.

Nathaniel K. Pelzer ("Pelzer") appeals the circuit court's summary dismissal of his application for post-conviction relief (PCR) for failure to file within the applicable statute of limitations. We affirm.[1]

## *FACTUAL / PROCEDURAL BACKGROUND*

On June 4, 2001, Pelzer pled guilty to first degree criminal sexual conduct and kidnapping in Richland County. Two twenty year, concurrent sentences were imposed. Pelzer's direct appeal was withdrawn on August 31, 2001.

Pelzer filed an application for post-conviction relief on September 16, 2002. Included in his application were arguments based on (1) ineffective assistance of counsel, (2) lack of subject matter jurisdiction, (3) involuntary plea, and (4) violation of due process. The State filed a return and motion to dismiss dated July 25, 2003, and a hearing was held July 27, 2004. The State asserted Pelzer failed to comply with the one-year statute of limitations for filing post conviction relief applications. Additionally, the State moved for summary judgment on Pelzer's claim that the court lacked subject matter jurisdiction over his preliminary hearing.

The record indicates Pelzer's application was notarized August 30, 2002, and Pelzer asserts it was mailed the same day. However, he admits it was incorrectly sent to the South Carolina Office of Appellate Defense who then forwarded the

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.

application on September 5th to the proper recipient, the Richland County Clerk of Court.

The circuit judge issued an order denying and dismissing Pelzer's application for failing to comply with the one-year statute of limitations. His claim of lack of subject matter jurisdiction was likewise dismissed. A petition for writ of certiorari dated April 11, 2005, was filed. Pursuant to Rule 227(1), SCACR, the South Carolina Supreme Court transferred the case to this court.

## STANDARD OF REVIEW

Summary dismissal of a PCR application without a hearing is appropriate only when (1) it is apparent on the face of the application that there is no need for a hearing to develop any facts and (2) the applicant is not entitled to relief. S.C.Code Ann. § 17–27–70(b)–(c) (2003); *Leamon v. State,* 363 S.C. 432, 611 S.E.2d 494 (2005). "When considering the State's motion for summary dismissal of an application for PCR, a judge must assume facts presented by an applicant are true and view those facts in the light most favorable to the applicant." *Wilson v. State,* 348 S.C. 215, 217, 559 S.E.2d 581, 582 (2002) (citing *Al–Shabazz v. State,* 338 S.C. 354, 363, 527 S.E.2d 742, 747 (2000)). Likewise, this court must view the facts in the same fashion when reviewing the appropriateness of a dismissal. *Leamon,* 363 S.C. at 434, 611 S.E.2d at 494.

## LAW / ANALYSIS

Pelzer requests his case be remanded for a full hearing arguing the statute of limitations should be equitably tolled because he filed his application in the wrong venue.

The statute of limitations for filing an application for PCR is one year. Section 17–27–45(A) of the South Carolina Code provides:

An application for relief filed pursuant to this chapter must be filed within one year after the entry of judgment of conviction or within one year after the sending of the remittitur to the lower court from an appeal or the filing of the final decision upon an appeal, whichever is later.

■ Mailing does not constitute filing. *Gary v. State,* 347 S.C. 627, 629, 557 S.E.2d 662, 663 (2001). "When a statute requires the filing of a paper or document, it is filed when delivered to and received by the proper officer." *Gary,* 347 S.C. at 629, 557 S.E.2d at 663 (citing *Fox v. Union–Buffalo Mills,* 226 S.C. 561, 86 S.E.2d 253 (1955)). "Under S.C.Code Ann. § 17–27–40 (1985), the application must be filed with clerk of the court in which the conviction took place." *Id.*

Pelzer's remittitur is dated August 31, 2001. One year after was August 31, 2002, and adding one day pursuant to Rule 6(a), SCRCP, Pelzer's last day to file his application was September 1, 2002. Because September 1 st was a Sunday and Monday, September 2nd, was Labor Day, the period runs until the end of the next day that is neither a Saturday, Sunday, nor a holiday. Rule 6(a), SCRCP. Thus, the period expired Tuesday, September 3, 2002.

■ Pelzer admits the application was not "technically" filed within one year. However, statutes of limitations are not simply technicalities, but are fundamental to a well-ordered judicial system. *Moates v. Bobb,* 322 S.C. 172, 176, 470 S.E.2d 402, 404 (Ct.App.1996) (citing C.S.J. *Limitations of Actions* § 2 (1989)).

> Statutes of limitations embody important public policy considerations in that they stimulate activity, punish negligence, and promote repose by giving security and stability to human affairs. One purpose of a statute of limitations is to relieve the courts of the burden of trying stale claims when a plaintiff has slept on his rights. Another purpose of a statute of limitations is to protect potential defendants from protracted fear of litigation.

*Id.*

■ Equitable tolling is a doctrine rarely applied in South Carolina to stop the running of statutes of limitations. *Hooper v. Ebenezer Senior Svcs. and Rehabilitation Ctr.,* 377 S.C. 217, 230, 659 S.E.2d 213, 219 (Ct.App.2008). "Equitable tolling is reserved for extraordinary circumstances." *Id.; see, e.g., Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) (stating that while equitable tolling was allowed where claimant actively pursued remedies but filed defective pleading, or was induced by adversary into

allowing deadline to pass, "[w]e have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights."); *Hopkins v. Floyd's Wholesale*, 299 S.C. 127, 382 S.E.2d 907 (1989) (holding statute of limitations equitably tolled for workers' compensation claim during reliance period in which employer represented to employee that claim compensable and would be taken care of without employee filing claim). The doctrine of equitable tolling can be summarized:

> The time requirements in lawsuits between private litigants are customarily subject to equitable tolling if such tolling is necessary to prevent unfairness to a diligent plaintiff. However, equitable tolling, which allows a plaintiff to initiate an action beyond the statute of limitations deadline, is typically available only if the claimant was prevented in some extraordinary way from exercising his or her rights, or, in other words, if the relevant facts present sufficiently rare and exceptional circumstances that would warrant application of the doctrine.
>
> Equitable tolling has been deemed available where—
>
> —extraordinary circumstances prevented the plaintiff from filing despite his or her diligence.
>
> —the plaintiff actively pursued his or her judicial remedies by filing a defective pleading during the statutory period or the claimant has been induced or tricked by the defendant's misconduct into allowing the filing deadline to pass.
>
> —the plaintiff, despite all due diligence, is unable to obtain vital information bearing on the existence of his or her claim.
>
> It has been held that equitable tolling applies principally if the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his or her rights. However, it has also been held that the equitable tolling doctrine does not require wrongful conduct on the part of the defendant, such as fraud or misrepresentation.

51 Am.Jur.2d *Limitation of Actions* § 174 (2007); *see also Hooper*, 377 S.C. at 232, 659 S.E.2d at 221.

Here, Pelzer has not alleged any wrongdoing by the State. Rather, Pelzer relies on our Supreme Court's decision in *Gary v. State*, 347 S.C. 627, 557 S.E.2d 662 (2001), to demand equitable tolling. We find this reliance misplaced. Pelzer states Gary held "that the statute of limitations should be equitably tolled when an application is simply filed in the wrong venue." In Gary, the applicant claimed he had mailed his PCR application within the one-year limitation period but to the wrong place. The period had run when the application came back. Our Supreme Court did not address his equitable tolling argument finding it was not preserved. A footnote specifically clarified, "[w]e express no opinion on the validity of this defense to the statute of limitations." *Id.* at 629, 557 S.E.2d at 663, n. 2.

At the dismissal hearing, Pelzer's counsel contended Pelzer's misunderstanding of where to file was "understandable given his status as a layman and his lack of knowledge of the law." We disagree that his error resulted from any lack of legal skill rather than simple neglect. Pelzer's PCR application, which was filled out by hand and signed, clearly instructs: "When the application is completed, the original shall be mailed to the Clerk of Court for the County in which applicant was convicted." Three lines below this directive, the applicant is asked to name the location of the court which imposed his sentence. Pelzer answered "Richland County." Under these facts, the narrow window by which Pelzer's application missed the statute of limitations cannot be construed as so exceptional a circumstance as to warrant equitable tolling. The reasoning of the Court of Appeals for the Fourth Circuit in denying equitable tolling to a party is particularly illuminating:

[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where-due to circumstances external to the party's own conduct-it would be unconscionable to en-

force the limitation period against the party and gross injustice would result.

*Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir.2000) (holding *habeas* petitioner's missing filing deadline due to erroneous advice from counsel not extraordinary circumstance requiring equitable tolling).

For the foregoing reasons, we affirm the circuit court's grant of summary dismissal of Pelzer's PCR application.

**AFFIRMED.**

HUFF, J., and CURETON, A.J., concur.