803 S.E.2d 718

**Renwick D. MOSE, Petitioner,**

**v.**

**STATE of South Carolina, Respondent.**

Appellate Case No. 2015-000609

Opinion No. 27732

Supreme Court of South Carolina.

Submitted February 9, 2017

Filed August 16, 2017

502

Appellate Defender Wanda H. Carter, of South Carolina Commission on Indigent Defense, of Columbia, for Petitioner.

Attorney General Alan McCrory Wilson and Assistant Attorney General Julie Amanda Coleman, of Columbia, for Respondent.

**CHIEF JUSTICE BEATTY:**

We granted certiorari to review the dismissal of Renwick Mose's application for Post-Conviction Relief (PCR). Mose contends that, although the Clerk of Court formally stamped his application as "filed" three days after the statute of limitations period ended, he complied with the one-year statute of limitations because he delivered his application to prison authorities for mailing within one year of the date of his conviction.[1] Mose now seeks reversal of the PCR judge's ruling so that he may receive a PCR hearing on the merits of his application. We reverse and remand.

## I. Factual / Procedural History

On March 7, 2013, Mose pled guilty to the lesser-included offense of burglary in the second degree and as indicted for assault and battery in the first degree, pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). The plea judge sentenced Mose to twelve years' imprisonment for burglary and ten years' imprisonment for assault and battery, to be served concurrently. Mose did not appeal his guilty plea or sentences.

In a PCR application, dated February 18, 2014, Mose alleged that he was denied due process, effective assistance of counsel, and his right to a speedy trial. The Verification and Application to Proceed Without Payment of Costs both indicate they were sworn to and subscribed before a notary public on February 18, 2014. However, Mose's PCR application was stamped "filed" by the Williamsburg County Clerk of Court on March 10, 2014.

---

1. Section 17-27-45(A) of the South Carolina Code provides that:

    An application for relief filed pursuant to this chapter must be filed within one year after the entry of a judgment of conviction or within one year after the sending of the remittitur to the lower court from an appeal or the filing of the final decision upon an appeal, whichever is later.

    S.C. Code Ann. § 17-27-45(A) (2014).

The State filed a Return and moved to dismiss Mose's PCR application, arguing that the application was barred by the one-year statute of limitations as provided by section 17-27-45(A) of the South Carolina Code (2014). By order dated October 1, 2014, the PCR judge issued a Conditional Order of Dismissal, which allowed Mose twenty days to submit factual or legal reasons why his application should not be dismissed.

Mose filed a response in which he maintained he placed the PCR application in the prison mailbox on February 18, 2014, the day the PCR application was notarized. Mose asserted the application was deemed "filed" at the time it was mailed pursuant to the "prison mailbox rule" as enunciated in *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988). Mose also attached an affidavit in which he stated an associate warden at the prison investigated the date Mose submitted his PCR application and discovered the application was mailed on February 18, 2014, and the envelope used to mail the application contained the same date.[2]

By order dated February 5, 2015, the PCR judge summarily dismissed Mose's PCR application, finding Mose filed it outside of the one-year statute of limitations.

## II. Standard of Review

In PCR actions, the burden of proof is on the applicant. *Butler v. State*, 286 S.C. 441, 334 S.E.2d 813 (1985). "This Court gives great deference to the factual findings of the PCR court and will uphold them if there is any evidence of probative value to support them." *Sellner v. State*, 416 S.C. 606, 610, 787 S.E.2d 525, 527 (2016). "Questions of law are reviewed *de novo*, and we will reverse the PCR court's decision when it is controlled by an error of law." *Id.*

"Summary dismissal of a PCR application without a hearing is appropriate only when (1) it is apparent on the face of the application that there is no need for a hearing to develop any facts and (2) the applicant is not entitled to relief." *Leamon v. State*, 363 S.C. 432, 434, 611 S.E.2d 494, 495 (2005); S.C. Code Ann. § 17-27-70(b), (c) (2014). When considering the State's motion for summary dismissal of an applica-

---

**2.** The record does not include the envelope or an affidavit from the associate warden.

tion, where no evidentiary hearing has been held, the PCR judge must assume facts presented by the applicant are true and view those facts in the light most favorable to the applicant. *Leamon*, 363 S.C. at 434, 611 S.E.2d at 495. When reviewing the propriety of a dismissal, an appellate court must view the facts in the same fashion. *Id.*

## III. Discussion

### A. Arguments

In challenging the PCR judge's order, Mose contends the judge erred in finding Mose's PCR application was filed outside of the one-year statute of limitations. Mose maintains he complied with the statute of limitations when he signed, notarized, and placed his PCR application in the prison mail room on February 18, 2014, seventeen days prior to the filing deadline. Mose argues that regardless of the calculations, he "clearly made a good faith effort to meet the deadline." Furthermore, Mose asserts three days is a minimal time lapse when viewed in light of the overall intent of the PCR statutory scheme. In sum, Mose contends the dismissal of his PCR action based on filing three days late was unfair, unreasonable, and in violation of the spirit of the PCR statutory boundaries regarding filing deadlines.

Alternatively, Mose maintains he is entitled to equitable tolling of the statute of limitations because he placed his application in the mail seventeen days prior to the deadline but "due to no fault of his own, his PCR application did not leave the [South Carolina Department of Corrections] mailroom in time to reach the [Clerk of Court]" before the one-year deadline passed. Consequently, Mose asserts that because of "the totality of the circumstances surrounding [Mose's] pursuit of his PCR action, a sense of fundamental fairness would require that [Mose] be afforded the benefit of his PCR action filed in his case."

In response, the State argues that, similar to *Pelzer v. State*, 378 S.C. 516, 662 S.E.2d 618 (Ct. App. 2008),[3] the PCR judge

---

**3.** In *Pelzer*, the applicant notarized and mailed his application before the statute of limitations expired, but mailed it to the Office of Appellate Defense instead of to the county Clerk of Court. 378 S.C. at 518, 662 S.E.2d at 619. The Office of Appellate Defense forwarded it to the

properly dismissed Mose's PCR application as untimely. The State maintains that Mose "has offered no proof that the application was placed in the mailroom on [February 18, 2014] or when it was postmarked or stamped." [4] According to the State, the only date that is certain is the date the application was filed with the Clerk of Court, March 10, 2014. Furthermore, the State contends Mose has not alleged any wrongdoing by the State, or the Clerk of Court, and has failed to show any circumstances extraordinary enough to warrant equitable tolling of the one-year statute of limitations. Finally, the State asserts Mose has failed to show any basis on which a deviation from the statute should be allowed.

## B. Untimely Filing Determination

█ This Court has held that mailing does not constitute filing of a PCR application for statute of limitations purposes. *Gary v. State*, 347 S.C. 627, 629, 557 S.E.2d 662, 663 (2001). Rather, the application is deemed "filed" when it is delivered to and received by the Clerk of Court. *Id.*

In *Gary*, the petitioner pled guilty to murder and was sentenced to thirty years' imprisonment on October 25, 1995. *Id.* at 628, 557 S.E.2d at 663. No direct appeal was taken. *Id.* On November 5, 1996, the petitioner filed a PCR application asserting that he was indigent and alleging trial counsel was ineffective in advising him to plead guilty. *Id.* In response, the State filed a motion to dismiss on the ground the action was barred by the one-year statute of limitations provided in section 17-27-45(A). *Id.* At the hearing, the petitioner, who appeared *pro se*, explained to the PCR judge that he mailed his application within the one-year statute of limitations, but

county Clerk of Court, but it was not received by the Clerk until after the statute of limitations had expired. *Id.* at 518-19, 662 S.E.2d at 619. The circuit court dismissed the application as untimely. *Id.* at 519, 662 S.E.2d at 619. The Court of Appeals affirmed, finding that mailing did not constitute filing and "the narrow window by which Pelzer's application missed the statute of limitations [could not] be considered as so exceptional a circumstance as to warrant equitable tolling." *Id.* at 522, 662 S.E.2d at 621.

4. Mose alleged in his affidavit that an associate warden investigated the matter and determined that Mose's PCR application was mailed on February 18, 2014.

claimed he mistakenly addressed it to "the wrong place" and "by the time it came back, it was too late." *Id.* at 629, 557 S.E.2d at 663. No other evidence was introduced. *Id.* The PCR judge summarily dismissed the application as untimely. *Id.*

On appeal, this Court determined that mailing of the application was not sufficient under section 17-27-45(A), and declined to address the petitioner's unpreserved argument that "equitable tolling" of the statute of limitations should have been allowed. *Id.* The Court, however, "express[ed] no opinion on the validity of [the equitable tolling] defense to the statute of limitations." *Gary*, 347 S.C. at 629 n.2, 557 S.E.2d at 663 n.2. Ultimately, the Court found the petitioner's hearing inadequate and remanded the case for appointment of counsel and an evidentiary hearing regarding the petitioner's claim of equitable tolling of the one-year statute of limitations. *Id.* at 629-30, 557 S.E.2d at 663-64.

Although *Gary* created the bright-line rule that mailing does not equate to filing, our decision did not foreclose the application of the doctrine of equitable tolling in the context of PCR. Since *Gary*, our appellate courts have permitted equitable tolling in some cases. Notably, this Court has determined the statute of limitations shall be equitably tolled where " 'circumstances preventing a petitioner from making a timely filing [are] both beyond the petitioner's control and unavoidable despite due diligence.' " *Ferguson v. State*, 382 S.C. 615, 618, 677 S.E.2d 600, 602 (2009) (quoting *Commonwealth v. Carneal*, 274 S.W.3d 420, 429 (Ky. 2008)) (holding that PCR applicant's failure to timely file due to mental incompetency warranted equitable tolling of the statute of limitations); *cf. Pelzer*, 378 S.C. at 522, 662 S.E.2d at 621 (determining equitable tolling was not warranted where inmate missed filing deadline due to mailing application to wrong venue).

Now, we must determine whether the statute of limitations should be tolled where the filing of a PCR application is delayed due to the processing of documents by prison authorities. As will be discussed, we are persuaded by the rationale behind the "Prison Mailbox Rule" and, therefore, hold that equitable tolling may be applied in this context if the defense is properly raised and the circumstances warrant.

## C. "Prison Mailbox Rule"

In *Houston*, petitioner (acting *pro se*) drafted a notice of appeal from the dismissal of his habeas corpus petition. *Houston v. Lack*, 487 U.S. 266, 268, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988). Twenty-seven days after the judgment was entered, petitioner submitted the notice to prison authorities for mailing to the district court. *Id.* The date of submission was noted in the prison log for outgoing mail. *Id.* Although there was no evidence of when the clerk of the district court received the notice, the notice was stamped "filed" by the district court clerk thirty-one days after the adverse judgment was entered—one day after the thirty-day filing period set forth in Rule 4(a)(1)(A), Federal Rules of Appellate Procedure (providing that a notice of appeal must be filed within thirty days after a judgment is rendered). *Id.* at 268-69, 108 S.Ct. 2379. Without suggesting the notice of appeal was untimely, the District Court issued a certificate of probable cause to establish federal appellate jurisdiction. *Id.* at 269, 108 S.Ct. 2379. Thereafter, the United States Court of Appeals for the Sixth Circuit dismissed the appeal as untimely. *Id.* The United States Supreme Court reversed, holding the notice was filed at the time petitioner delivered it to prison authorities for mailing. *Id.* at 276, 108 S.Ct. 2379.

*Houston* established a bright-line rule premised on equal treatment, and sought to ensure inmates were not adversely affected by delays other litigants might readily overcome. *Lewis v. Richmond City Police Dep't*, 947 F.2d 733, 735 (4th Cir. 1991). In *Houston*, the Supreme Court sympathized with inmates' lack of choice in submitting court documents, as well as inmates' inability to monitor the process of the mail. *Houston*, 487 U.S. at 271, 108 S.Ct. 2379. Moreover, the Supreme Court noted the unlikeliness, due to inmates' confinement, of proving whether the delay is attributable to prison authorities, slow mail, or late stamp by the court clerk. *Id.* Addressing concerns over uncertainty, the Supreme Court stressed that prison authorities maintain records of outgoing inmates' mail, and could readily address inmates' assertions that mail was submitted to prison authorities on a different date. *Id.* at 276, 108 S.Ct. 2379. Furthermore, the Court stated, "[r]elying on the date of receipt, by contrast, raises such difficult to resolve questions as whether delays by the

United States Postal Service constituted excusable neglect and whether a notice stamped 'filed' on one date was actually received earlier." *Id.* at 275, 108 S.Ct. 2379. Ultimately, the Supreme Court emphasized that, unlike most litigants, inmates' control over the processing of documents ceases upon delivery to prison authorities, not receipt by the clerk. *Id.*

Having considered the rationale articulated in *Houston v. Lack,* we conclude that the unique conditions of incarceration require a holding that the statute of limitations should be tolled if the circumstances warrant. Our decision in no way eliminates the rule created in *Gary* or absolves inmates from complying with the one-year statute of limitations. In fact, we expressly decline to adopt a rule that automatically deems a PCR application "filed" on the date an applicant claims it was delivered to prison authorities. Instead, if a PCR applicant relies on the defense of equitable tolling in response to a motion to dismiss, the applicant must substantiate that the correct and complete application was delivered to prison authorities prior to the expiration of the statute of limitations and that any delay in the Clerk of Court's receipt of the application was due to processing. If the PCR judge determines that the applicant has presented a valid defense, then the statute of limitations shall be tolled until the application is delivered to and received by the Clerk of Court.

Notably, tolling the statute of limitations in circumstances in which an applicant demonstrates the failure to timely file for PCR was due to no fault of his own "does not create an exception by which incarcerated litigants may avoid time restrictions." *Lewis,* 947 F.2d at 736. Instead, it provides PCR applicants with functionally equivalent time bars and seeks to ensure equal access to the courts for all. *Id.*; *see Hooper v. Ebenezer Senior Servs. & Rehab. Ctr.,* 386 S.C. 108, 115, 687 S.E.2d 29, 32 (2009) ("Where a statute sets a limitation period for action, courts have invoked the equitable tolling doctrine to suspend or extend the statutory period to ensure fundamental practicality and fairness." (internal quotation marks and citations omitted)).

Furthermore, tolling the statute of limitations in this manner not only recognizes that our own Rule 262(a)(2),

SCACR,[5] provides that a document is "filed" the moment it is sent to that court, but also, for the reasons articulated in *Houston*, promotes the interest of fairness in the pursuit of justice and no longer punishes applicants for delays beyond their control.

Therefore, if a PCR applicant raises the doctrine of equitable tolling as a defense to the statute of limitations, the judge should make the fact-specific determination of whether equitable tolling is justified. *See Hooper*, 386 S.C. at 117, 687 S.E.2d at 33 ("Equitable tolling may be applied where it is justified under all the circumstances. We agree, however, that equitable tolling is a doctrine that should be used sparingly and only when the interests of justice compel its use."). As part of this determination, the judge should consider any reasonably verifiable evidence of the date the document was purportedly in the possession of prison authorities for purposes of mailing. In sum, if the circumstances warrant, the statute of limitations shall be tolled from receipt of the document by the prison until formally filed with the clerk's office, provided that the applicant can verify by competent evidence the date prison authorities received the document for mailing.

Turning to the facts of this case, we find the PCR judge erred in dismissing Mose's application as untimely.[6] Here, Mose relinquished control of his application on February 18, 2014, when he placed it in the hands of prison authorities for mailing. Mose provided proof, which was not contradicted by the State, that his application was notarized that same day.[7] Moreover, Mose alleged in his affidavit that an

---

5. Rule 262(a)(2), SCACR, provides that "filing may be accomplished by depositing the document in the [United States] mail, properly addressed to the clerk, with sufficient first class postage attached. The date of filing shall be the date of delivery or the date of mailing."

6. Normally, this Court would remand to the PCR court to make this determination. However, given the clear evidence in the record, we conclude that the interests of judicial economy would best be served if we address the merits of this issue.

7. Nothing in the record reveals that an inmate's application is "mailed" the same day it is notarized. Additionally, the prison mail log or an affidavit from the associate warden would be definitive evidence that Mose mailed his application on February 18, 2014.

512

associate warden confirmed Mose's application was mailed prior to the expiration of the one-year statute of limitations. Thus, viewing the facts presented in the light most favorable to Mose, we believe he was prevented from timely filing for PCR due to circumstances beyond his control. Therefore, the one-year statute of limitations should have been tolled from February 18, 2014, until March 10, 2014. Accordingly, we find the PCR judge erred in summarily dismissing Mose's PCR application as untimely.

## IV. Conclusion

Based on the foregoing, we: (1) reverse the decision of the PCR judge dismissing Mose's PCR application as untimely; and (2) remand for a hearing on the merits of Mose's PCR application.

**REVERSED AND REMANDED.**

KITTREDGE, HEARN and FEW, JJ., concur. Pleicones, A.J., not participating.