**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

David Lee Meggett, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2018-000065

Appeal From Charleston County
G. Thomas Cooper, Jr., Circuit Court Judge

Unpublished Opinion No. 2022-UP-315
Submitted June 1, 2022 – Filed July 27, 2022

**AFFIRMED**

Tricia A. Blanchette, of Law Office of Tricia A. Blanchette, LLC, of Leesville, for Petitioner.

Attorney General Alan McCrory Wilson, Deputy Attorney General Donald J. Zelenka, Senior Assistant Attorney General W. Edgar Salter, III, and Senior Assistant Deputy Attorney General Melody Jane Brown, all of Columbia, for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *Mack v. State*, 433 S.C. 267, 272, 858 S.E.2d 160, 162 (2021) (holding

that this court must uphold the PCR court's factual findings "if there is any evidence of probative value in the record to support them" (quoting *Thompson v. State*, 423 S.C. 235, 239, 814 S.E.2d 487, 489 (2018))); *Mose v. State*, 420 S.C. 500, 505, 803 S.E.2d 718, 720 (2017) ("In PCR actions, the burden of proof is on the applicant."); *Strickland v. Washington*, 466 U.S. 668, 687–88, 692 (1984) (holding that in pursuing a claim of ineffective assistance of counsel, the PCR applicant must demonstrate that (1) counsel's "representation fell below an objective standard of reasonableness" and (2) "any deficiencies in counsel's performance [was] prejudicial to the defense."); *id.* at 690 ("[T]he court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."); *id.* at 694 ("The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."); *id.* ("A reasonable probability is a probability sufficient to undermine confidence in the outcome."); *Rivera v. Illinois*, 556 U.S. 148, 153 (2009) ("Under *Batson v. Kentucky* . . . and later decisions building upon *Batson*, parties are constitutionally prohibited from exercising peremptory challenges to exclude jurors on the basis of race, ethnicity, or sex."); *cf. Juniper v. Zook*, 117 F. Supp. 3d 780, 792 (E.D. Va. 2015) (holding that the proponent of an ineffective-assistance-of-counsel claim "must show that, but for his trial counsel's ineffectiveness in failing to make certain arguments . . . the trial court would have found the prosecutor in violation of *Batson*").

**AFFIRMED.**[1]

**GEATHERS and HILL, JJ., and LOCKEMY, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.