**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Derek Maner, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2019-000230

———————

Appeal From Allendale County
Diane Schafer Goodstein, Circuit Court Judge

———————

Unpublished Opinion No. 2024-UP-065
Heard February 6, 2024 – Filed February 28, 2024

———————

**AFFIRMED**

———————

Appellate Defender Kathrine Haggard Hudgins, of
Columbia, for Petitioner.

Attorney General Alan McCrory Wilson and Assistant
Attorney General Ambree Michele Muller, both of
Columbia, for Respondent.

———————

**PER CURIAM:** In this post-conviction relief (PCR) action, Petitioner assigns error to the PCR court's conclusions that trial counsel rendered effective assistance in declining to object to the relevancy of testimony concerning (1) a traffic stop of Petitioner's brother's car several months after the victim's disappearance and (2)

Petitioner's instructions to a friend regarding her retrieval of jewelry hidden in a flower pot. We affirm.

"In PCR actions, the burden of proof is on the applicant." *Mose v. State*, 420 S.C. 500, 505, 803 S.E.2d 718, 720 (2017). In pursuing a claim of ineffective assistance of counsel, the PCR applicant must demonstrate that (1) "counsel's representation fell below an objective standard of reasonableness" and (2) "any deficiencies in counsel's performance [were] prejudicial to the defense." *Strickland v. Washington*, 466 U.S. 668, 688, 692 (1984). Further, "[t]he defendant must show that there is a *reasonable probability* that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694 (emphasis added). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

Here, Petitioner did not carry his burden of showing a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. Even in the absence of the evidence Petitioner challenges as irrelevant, it would have been very difficult for the jury to ignore or discount the DNA evidence of Petitioner's guilt: DNA from two blood samples collected by SLED Agent Vicki Hallman was consistent with the female offspring of the victim's mother and father; none of the victim's sisters had ever been underneath Petitioner's car; human DNA appeared in the tissue sample taken by Agent Hallman; and Dr. Michael Ward, the State's forensic pathology expert, interpreted LabCorp's analysis of the tissue samples taken by Investigator Paul Silvaggio as showing the victim's DNA.

Additionally, neither Petitioner's testimony nor the testimony of forensic scientist Dr. Robert Bennett diminished the strength of this DNA evidence. Petitioner presented no evidence that when the victim assisted him in rotating the car's tires, she was injured in any way. Also, Dr. Bennett's testimony that DNA from perspiration could be transferred from one human to another and then transferred to a car's undercarriage did not explain how the victim's blood and pieces of her muscle and nerve tissue were found on the undercarriage. Notably, Dr. Bennett admitted that he had been told the car had been in an accident with a dog and he never took blood or tissue samples or examined any such samples from the car. He also admitted that a car could knock a human to the ground, lowering the human's center of gravity and allowing the human to be dragged under the car.

Based on the foregoing, there is no reasonable possibility counsel's failure to object to the evidence challenged by Petitioner contributed in any way to his conviction.  Therefore, we affirm the dismissal of Petitioner's PCR application.

**AFFIRMED.**

**GEATHERS, HEWITT, and VINSON, JJ., concur.**