**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Paulette Lawrence, Appellant,

v.

City of North Charleston, Respondent.

Appellate Case No. 2021-001398

———————

Appeal From Charleston County
Roger M. Young, Sr., Circuit Court Judge

———————

Unpublished Opinion No. 2024-UP-109
Submitted February 1, 2024 – Filed March 27, 2024

———————

**AFFIRMED**

———————

Ashley B. Cornwell, Cornwell Law Firm, LLC, of Mount Pleasant, for Appellant.

Robin Lilley Jackson, Senn Legal, LLC, of Charleston, for Respondent.

———————

**PER CURIAM:** Paulette Lawrence appeals the circuit court's grant of summary judgment in favor of the City of North Charleston (the City) on her complaint, which alleged causes of action for false arrest, assault and battery, negligence, and malicious prosecution. On appeal, Lawrence argues the circuit court erred in

granting summary judgment because (1) the statute of limitations had not run, (2) the City was not entitled to immunity under the South Carolina Tort Claims Act (the Act),[1] and (3) facts supported each of her claims under the Act. We affirm.

1. The circuit court did not err in finding the statute of limitations barred Lawrence's false arrest, assault and battery, and negligence claims under the Act. *See S. Glass & Plastics Co. v. Kemper*, 399 S.C. 483, 490, 732 S.E.2d 205, 208-09 (Ct. App. 2012) ("When reviewing the grant of a summary judgment motion, [an appellate] court applies the same standard that governs the trial court under Rule 56(c), SCRCP; summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."); *Weston v. Kim's Dollar Store*, 399 S.C. 303, 308, 731 S.E.2d 864, 866 (2012) ("In determining whether summary judgment is proper, the court must construe all ambiguities, conclusions, and inferences arising from the evidence against the moving party." (quoting *Byers v. Westinghouse Elec. Corp.*, 310 S.C. 5, 7, 425 S.E.2d 23, 24 (1992))). The circuit court did not err in finding the two-year statute of limitations applied to Lawrence's allegations. *See Searcy v. S.C. Dep't of Educ., Transp. Div.*, 303 S.C. 544, 546, 402 S.E.2d 486, 487 (Ct. App. 1991) ("The . . . Act offers a person *two* methods by which the person can seek damages for a loss. *Either* the person can file with the State Budget and Control Board, [the] appropriate state agency, the appropriate political subdivision, or, in some cases, the Attorney General[,] a claim 'setting forth the circumstances which brought about the loss, the extent of the loss, the time and place the loss occurred, the names of all persons involved if known, and the amount of the loss sustained . . .' *or* the person '[can] institute an action against the appropriate agency or political subdivision' irrespective of '[w]hether or not [a] claim is filed . . . .'" (last three alterations in original) (emphases added) (last two omissions in original) (quoting §§ 15-78-80(a), -90(b))); *id.* at 547, 402 S.E.2d at 488 ("To encourage a person to file a claim before bringing suit, [s]ection 15-78-100(a) gives a person whose claim is later disallowed or rejected three rather than two years from the date the loss was or should have been discovered to commence an action under the . . . Act. . . . Sections 15-78-90(b), 15-78-100(a)[,] and 15-78-110 must be read with [s]ection 15-78-80 because together they are a constituent part of a scheme designed to encourage a person first to seek by a route other than litigation the recovery of damages for a loss proximately caused by a tort of a governmental entity, while at the same time affording a governmental entity a measure of protection against fraudulent claims."); *id.* (explaining "the 'claim' mentioned in the . . . Act can only refer to the 'verified claim' described in section 15-78-80"). Lawrence asserts she

---

[1] S.C. Code Ann. §§ 15-78-10 to -220 (2005 & Supp. 2023).

filed a verified claim by filing her complaint thereby extending the statute of limitations to three years. However, she forfeited consideration of an extension because she first —and only— instituted an action, which she did by filing her complaint with the Court of Common Pleas. Not only did this preclude Lawrence from later filing a verified claim, but she otherwise did not meet the requirements for a verified claim when she failed to set forth the amount and extent of the loss. S.C. Code Ann. § 15-78-80(a) (stating a verified claim should set "forth the circumstances which brought about the loss, the extent of the loss, the time and place the loss occurred, the names of all persons involved if known, and the amount of the loss sustained").

The circuit court also properly found the statute of limitations began to run on August 10, 2018, because Lawrence discovered or should have discovered her injury after police showed her a warrant affidavit describing the crime committed on that date. *See* S.C. Code Ann. § 15-78-110 ("[A]ny action brought pursuant to [the Act] is forever barred unless an action is commenced within two years after the date the loss was or should have been discovered . . . ."). Lawrence confirmed in her deposition and complaint that at the time of her arrest, and while reading the affidavit attached to the warrant for her arrest, she knew she had committed no crime. *See Young v. S.C. Dep't of Corr.*, 333 S.C. 714, 719, 511 S.E.2d 413, 416 (Ct. App. 1999) ("[C]ourts must decide whether the circumstances of the case would put a person of common knowledge and experience on notice that some right of his has been invaded, or that some claim against another party might exist."); *Joubert v. S.C. Dep't of Soc. Servs.*, 341 S.C. 176, 190, 534 S.E.2d 1, 8 (Ct. App. 2000) ("Under the [Act], however, the statute of limitations begins to run when the plaintiff should know that he might have a potential claim against another, not when he develops a full-blown theory of recovery.").

Additionally, the circuit court did not err in declining to equitably toll the statute of limitations. *See Pelzer v. State*, 378 S.C. 516, 520, 662 S.E.2d 618, 620 (Ct. App. 2008) ("[R]eserved for 'extraordinary circumstances,'" "[e]quitable tolling is a doctrine rarely applied in South Carolina to stop the running of statutes of limitations." (51 Am. Jur. 2d Limitation of Actions § 174 (2007))); *id.* at 521, 662 S.E.2d at 620-21 (stating "[e]quitable tolling has been deemed available where . . . extraordinary circumstances prevented the plaintiff from filing despite his or her diligence"; "the plaintiff actively pursued his or her judicial remedies by filing a defective pleading during the statutory period or the claimant has been induced or tricked by the defendant's misconduct into allowing the filing deadline to pass"; "the plaintiff, despite all due diligence, is unable to obtain vital information bearing on the existence of his or her claim" (quoting 51 Am. Jur. 2d. *Limitations of*

*Actions* § 174 (2007))); *id.* ("It has been held that equitable tolling applies principally if the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his or her rights . . . but does not *require* wrongful conduct on the part of the defendant, such as fraud or misrepresentation." (emphasis added) (quoting 51 Am. Jur. 2d. *Limitations of Actions* § 174)). Lawrence voluntarily dismissed her initial complaint on May 12, 2020. One month after the statute of limitations had run, she refiled her complaint on September 10, 2020. Lawrence has offered no explanation for the untimely filing. *See Hooper v. Ebenezer Sr. Servs. & Rehab. Ctr.*, 386 S.C. 108, 115, 687 S.E.2d 29, 32 (2009) ("The party claiming the statute of limitations should be tolled bears the burden of establishing sufficient facts to justify its use."); *id.* ("Where a statute sets a limitation period for action, courts have invoked the equitable tolling doctrine to suspend or extend the statutory period 'to ensure fundamental practicality and fairness.'" (quoting *Rodriguez v. Superior Ct.*, 98 Cal. Rptr. 3d. 728, 736 (Ct. App. 2009))); *Pelzer*, 378 S.C. at 521, 662 S.E.2d at 620 (holding the proper test should be whether "the relevant facts present sufficiently rare and exceptional circumstances that would warrant application of the doctrine" (quoting 51 Am. Jur. 2d. *Limitations of Actions* § 174)).

2. The circuit court did not err in finding the City had immunity under the Act because the gross negligence standard of section 15-78-60(25) of the South Carolina Code does not apply to this case. *See Repko v. County of Georgetown*, 424 S.C. 494, 507, 818 S.E.2d 743, 750 (2018) ("[I]n order for the gross negligence standard from one immunity provision to be read into an immunity provision that does not contain a gross negligence standard, the immunity provision containing the gross negligence standard must first apply to the case."). Section 15-78-60(25) does not apply because Lawrence did not allege the City breached its duty to protect her from physical harm in her malicious prosecution claim—the only claim not barred by the statute of limitations. *See Plyler v. Burns*, 373 S.C. 637, 652, 647 S.E.2d 188, 196 (2007) ("[This] [sub]section . . . provides an exemption to the waiver of immunity where the 'responsibility or duty including but not limited to supervision, protection, control, confinement, or custody of any student, patient, prisoner, inmate, or client of any governmental entity, except when the responsibility or duty is exercised in a grossly negligent manner.'" (quoting § 15-78-60(25))); *id.* (stating this subsection "usually applie[s] in situations where a governmental entity is responsible for the actual physical accountability for the person"). Therefore, the gross negligence exception of section 15-78-60(25) cannot be inserted into sections 15-78-60(23) and 15-78-60(20), under which the City has immunity. *See id.* at 653, 647 S.E.2d at 197 (holding the circuit court "did not err in declining to apply a gross

negligence standard in its review of the exemptions to the waiver of immunity" under the Act when section 15-78-60(25) did not apply because the plaintiff made no claim the defendant breached a duty to protect her from physical harm).

3.  We decline to address whether a factual basis existed for Lawrence's claims because our findings regarding the statute of limitations and immunity under the Act are dispositive.  *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (stating appellate courts need not address remaining issues when the disposition of a prior issue is dispositive).

**AFFIRMED.**[2]

**WILLIAMS, C.J., and KONDUROS and VINSON, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.