**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Joseph Jefferson, Employee, Respondent,

v.

South Carolina Department of Transportation, Employer, and South Carolina State Accident Fund, Carrier, Appellants.

Appellate Case No. 2019-001643

———————

Appeal From The Workers' Compensation Commission

———————

Unpublished Opinion No. 2024-UP-312
Heard October 4, 2022 – Filed September 11, 2024

———————

**AFFIRMED**

———————

Sarah S. Hood, of Willson Jones Carter & Baxley, P.A., of Columbia, for Appellants.

Stephen J. Wukela, of Wukela Law Office, of Florence, for Respondent.

———————

**MCDONALD, J.:** A divided Appellate Panel of the South Carolina Workers' Compensation Commission (the Appellate Panel) awarded a statutory ten-percent penalty on Joseph Jefferson's (Claimant) hearing award after the insurance carrier mailed, but Claimant did not receive, payment within the statutory deadline and

subsequent grace period. The State Accident Fund (Carrier) and South Carolina Department of Transportation (collectively, Appellants) appeal the imposition of the statutory penalty. We affirm.

**Facts and Procedural History**

While working for SCDOT, Claimant was injured when a cement mixer struck him in the head and pinned him to the ground. The single commissioner found Claimant was permanently and totally disabled and awarded a lump sum payment of $109,310.33. On July 23, 2018, the Appellate Panel affirmed this award.

On August 3, 2018, Claimant's counsel emailed Appellants' counsel to ask whether Appellants planned to appeal. On August 8, Appellants' counsel responded that Appellants did not plan to appeal. On August 9, Claimant's counsel explained a ten-percent penalty could be imposed if Carrier did not timely pay the award by August 13, and asked when Appellants would be sending payment. Appellants' counsel indicated the check would be cut the following day and asked Claimant's counsel to approve her calculations. Claimant's counsel responded, "Your numbers are correct. They can hold the check for another week if they like, 10% sounds pretty good to me." Noting he would be in Columbia the following day, Claimant's counsel offered to "drop by and pick up the check." On Friday, August 10, Appellants' counsel replied that the adjuster told her the check would be ready by the end of the day or "possibly" Monday. On August 14, Claimant's counsel notified Appellants' counsel that he had not received the check and asked when he could expect the check for the award and statutory penalty. Appellants' counsel asserted payment was timely because the check was mailed on August 13, the last day of the statutory grace period. Claimant's counsel subsequently received the check on August 15; the envelope was postmarked August 13.

Claimant then filed a Form 50, seeking imposition of the statutory penalty. Appellants timely filed a Form 51, asserting Claimant was not entitled to the ten-percent penalty because mailing of the payment was timely under section 42-9-90 of the South Carolina Code (2015).

The single commissioner awarded Claimant the ten-percent statutory penalty, finding Appellants did not timely pay the award within § 42-9-90's fourteen day deadline because Claimant did not receive the check until August 15, two days past the statutory grace period. A divided Appellate Panel adopted the single commissioner's findings and affirmed the imposition of the penalty.

**Analysis**

Pursuant to section 42-9-240 of the South Carolina Code (2015):

> The first installment of compensation payable under the terms of an award by the commission or under the terms of a judgment of a court upon an appeal from such an award shall become due seven days from the date of such an award or from the date of such a judgment of the court, on which date all compensation then due shall be paid, including interest from the original date of the award at the maximum legal rate.

Section 42-9-90 then provides a fourteen-day grace period:

> If any installment of compensation payable in accordance with the terms of an agreement approved by the commission without an award is not paid within fourteen days after it becomes due, as provided in Section 42-9-230, or if any installment of compensation payable in accordance with the terms of an award by the commission is not paid within fourteen days after it becomes due, as provided in Section 42-9-240, there shall be added to such unpaid installment an amount equal to ten per cent thereof, which shall be paid at the same time as, but in addition to, such installment, unless such nonpayment is excused by the commission after a showing by the employer that owing to conditions over which he had no control such installment could not be paid within the period prescribed for the payment.

Payment of Claimant's award was due on July 30, 2018—seven days after the Appellate Panel's July 23 order. *See* § 42-9-240 (providing payment of a workers' compensation award becomes due seven days from the date of an award). Appellants then had a grace period of fourteen days—until August 13—within which to pay Claimant without incurring a statutory penalty. *See* § 42-9-90 (providing a ten-percent penalty "shall be added" to a workers' compensation award not paid within fourteen days after it becomes due "unless such nonpayment is excused by the commission after a showing by the employer"). Yet, Appellants chose not to cut and mail the check until the last day of the fourteen-day grace

period—August 13—rendering it impossible for Claimant to receive payment within the statutory grace period.

Notably, § 42-9-90 provides a mechanism for the Commission to excuse the nonpayment (or late payment) penalty "after a showing by the employer that owing to conditions over which he had no control such installment could not be paid within the period prescribed for the payment." Appellants made no such showing here. Claimant's counsel made Appellants aware of the penalty for late payment and offered to pick up the check the Friday before payment was due. Initially, Appellants' counsel told Claimant's counsel the check would be cut on August 10. However, after consulting with the adjuster, she noted "it could be the end of the day or possibly Monday." Carrier could have cut the check in time for Claimant's attorney to pick it up on Friday afternoon—or in time to deposit the check in the Friday afternoon mail—but offered no explanation to the single commissioner or the Appellate Panel addressing why it failed to do so.[1]

More importantly, the statute speaks to "paying" as opposed to "mailing." *See e.g.*, *Mose v. State*, 420 S.C. 500, 508, 512, 803 S.E.2d 718, 721–23 (2017) (acknowledging "the bright-line rule that mailing does not equate to filing" but applying equitable tolling where a prisoner "was prevented from timely filing for PCR due to circumstances beyond his control"). We agree that the imposition of a penalty in this case is consistent with the plain language of the statute, and that the Appellate Panel's imposition of the ten percent penalty was neither an error of law nor arbitrary or capricious. *See James v. Anne's Inc.*, 390 S.C. 188, 192, 701 S.E.2d 730, 732 (2010); S.C. Code Ann. §1-23-380(5)(d)–(e) (Supp. 2023) ("An appellate court has the power upon review to reverse or modify a decision of an administrative agency if the findings and conclusions of the agency are (1) affected by an error of law, (2) clearly erroneous in view of the reliable and substantial evidence on the whole record, or (3) arbitrary or capricious or characterized by abuse of discretion or a clearly unwarranted exercise of discretion.").

---

[1] Before the Appellate Panel, Commissioner McCaskill asked, "Refresh my memory. Why is the payment made at the end of the window in which to make it?" Carrier responded, "Your Honor, that question I cannot specifically answer for you, why the payment was mailed out on the date that it was." *See e.g.*, *Hudson ex rel. Hudson v. Lancaster Convalescent Ctr.*, 407 S.C. 112, 127, 754 S.E.2d 486, 494 (2014) (finding § 42-9-90 "permits excusal of this penalty only **after** there is a showing of circumstances beyond the employer's control excusing non-payment").

We recognize dissenting Commissioner James's opinion that the Commission should adopt the reasoning of *Morrison v. Public Service Co. of North Carolina, Inc.*, "that a benefit is 'paid' upon the defendants mailing the check, even if the check is received by the claimant or their attorney outside the time frame." *See* 643 S.E.2d 58, 61–62 (N.C. Ct. App. 2007) (affirming North Carolina Industrial Commission's reversal of late payment penalty and noting "tendering payment is not limited to the immediate transfer of physical possession of the payment. Rather, tendering payment also may include depositing the payment, properly addressed to the payee, with the United States Postal Service or a designated delivery service" authorized by statute). But here, the substantial evidence in the record supports the Appellate Panel's finding that:

> The State Fund had more than adequate opportunity to deliver the funds necessary to satisfy their obligation under the Order of this Commission in the time mandated by statute. They failed to do so, notwithstanding the fact that the Claimant's counsel offered to come to the Fund in person to receive the check on behalf of his client. Instead, the Fund elected to post the funds the day they were due.

It was within the Commission's discretion to excuse "such nonpayment" upon Carrier's showing "that owing to conditions over which [it] had no control such installment could not be paid" within the statutory grace period. *See* § 42-9-90. No such showing was made. As the Appellate Panel's decision is not arbitrary and capricious, controlled by an error of law, nor clearly erroneous in view of the reliable and substantial evidence in the record, the order of the Appellate Panel is

**AFFIRMED.**

**GEATHERS, J., and HILL, A.J., concur.**