**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Andre Brooks, Appellant,

v.

South Carolina Department of Labor, Licensing, and Regulation, South Carolina Board of Registration for Professional Engineers and Surveyors, Respondent.

Appellate Case No. 2023-000825

———————

Appeal From The Administrative Law Court
Robert Lawrence Reibold, Administrative Law Judge

———————

Unpublished Opinion No. 2025-UP-208
Submitted June 1, 2025 – Filed June 25, 2025

———————

**AFFIRMED**

———————

Andre Brooks, of Detroit, Michigan, pro se.

Robert E. Horner, of South Carolina Department of Labor, Licensing and Regulation, of Columbia, for Respondent.

———————

**PER CURIAM:** Andre Brooks appeals the Administrative Law Court's (ALC's) order denying a motion for an extension of time to file a motion for rehearing. On appeal, he argues the ALC erred because he established good cause for his motion

to be granted due to his diligence as an out-of-state pro se litigant, continued health issues, and professional responsibilities. In the alternative, Brooks argues this court should apply the doctrine of equitable tolling and determine his motion was filed timely. We affirm pursuant to Rule 220(b), SCACR.

First, we hold Brooks abandoned his argument that he established good cause to grant his motion for an extension of time because he failed to cite any supporting authority and presented merely conclusory statements on this point in his brief. *See* Rule 208(b)(1)(E), SCACR (requiring the particular issue in the argument "shall be set forth in distinctive type, followed by discussion and citations of authority"); *State v. Colf*, 332 S.C. 313, 322, 504 S.E.2d 360, 364 (Ct. App. 1998) ("An issue is also deemed abandoned if the argument in the brief is merely conclusory."), *aff'd as modified and remanded*, 337 S.C. 622, 525 S.E.2d 246 (2000); SCALC Rule 3(b) ("For good cause shown, the administrative law judge *may* extend or shorten the time to take any action, except as otherwise provided by rule or law." (emphasis added)).

Second, we hold Brooks's argument requesting equitable tolling is not preserved for appellate review because Brooks did not raise the issue to the ALC. *See State v. Simmons*, 423 S.C. 552, 561, 816 S.E.2d 566, 571 (2018) ("There are four basic requirements to preserving issues . . . for appellate review." (quoting *S.C. Dep't of Transp. v. First Carolina Corp. of S.C.*, 372 S.C. 295, 301-02, 641 S.E.2d 903, 907 (2007))); *id*. ("The issue must have been (1) raised to and ruled upon by the [ALC], (2) raised by the appellant, (3) raised in a timely manner, and (4) raised to the [ALC] with sufficient specificity." (quoting *S.C. Dep't of Transp.*, 372 S.C. at 302, 641 S.E.2d at 907)); *Pelzer v. State*, 378 S.C. 516, 521, 662 S.E.2d 618, 620 (Ct. App. 2008) ("[E]quitable tolling . . . allows a plaintiff to initiate an action beyond the statute of limitations deadline . . . ."); *id.* at 520, 662 S.E.2d at 620 ("Equitable tolling is a doctrine rarely applied in South Carolina to stop the running of statutes of limitations."); *id.* at 521, 662 S.E.2d at 620 ("Equitable tolling has been deemed available where . . . extraordinary circumstances prevented the plaintiff from filing despite his or her diligence.").

**AFFIRMED.**[1]

**THOMAS, HEWITT, and CURTIS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.