**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Franklin J. Boyles, Appellant,

v.

C and C Masonry, Inc., Juneau Construction Company, LLC, and University of South Carolina, Respondents.

Appellate Case No. 2025-000221

———————

Appeal From Richland County
Jocelyn Newman, Circuit Court Judge

———————

Unpublished Opinion No. 2026-UP-306
Submitted May 1, 2026 – Filed June 24, 2026

———————

**AFFIRMED**

———————

Lola Stradford Richey, of Richey & Richey, PA, of Greenville, for Appellant.

Robert Trippett Boineau, III, and Hugh Michael Gallagher, IV, both of McAngus Goudelock & Courie, LLC, of Columbia, for Respondent C and C Masonry, Inc.

Maire Elizabeth Flynn, of Miller, Dawson, Sigal & Ward, LLC, and Christian Stegmaier, of Collins & Lacy, PC, both of Columbia; and Cameron W. DeBoy, of

McCutchen McLean, LLC, of Lexington, all for
Respondent Juneau Construction Company, LLC.

Lake Eric Summers, of Malone Thompson Summers &
Ott, LLC, of Columbia, for Respondent University of
South Carolina.

———————

**PER CURIAM:**  Franklin J. Boyles appeals the circuit court's order granting the University of South Carolina's (USC's) motion to dismiss Boyles's negligence and intentional infliction of emotional distress (IIED) causes of action against USC subject to the South Carolina Tort Claims Act (SCTCA).[1]  On appeal, Boyles argues the circuit court erred in (1) holding Boyles's claims were time-barred and not equitably tolled, (2) dismissing Boyles's IIED claim as barred under the SCTCA, and (3) dismissing USC as a party to the action when the doctrine of joint and several liability requires it to remain a party.  We affirm pursuant to Rule 220(b), SCACR.

1.  We hold the circuit court did not err in finding Boyles's claims were time-barred and not equitably tolled due to extraordinary circumstances.  *See Rydde v. Morris*, 381 S.C. 643, 646, 675 S.E.2d 431, 433 (2009) ("On appeal from the dismissal of a case pursuant to Rule 12(b)(6) [of the South Carolina Rules of Civil Procedure], an appellate court applies the same standard of review as the [circuit] court."); *id.* ("That standard requires the [appellate c]ourt to construe the complaint in a light most favorable to the nonmovant and determine if the 'facts alleged and the inferences reasonably deducible from the pleadings would entitle the plaintiff to relief on any theory of the case.'" (quoting *Williams v. Condon*, 347 S.C. 227, 233, 553 S.E.2d 496, 499 (Ct. App. 2001))).  Boyles misconstrued the circuit court's finding by arguing it misapplied the legal standard for equitable tolling because it "selectively relied on language from *Pelzer*[*v. State*]"[2] and "incorrectly concluded that [he] was required to establish misconduct by USC to warrant equitable tolling."  Rather, citing *Pelzer* in pertinent part, the court found Boyles failed to allege, and the record did not support, that USC actively misled Boyles about his causes of action.  *See Pelzer*, 378 S.C. at 521, 662 S.E.2d at 620-21 ("Equitable tolling has been deemed available where extraordinary circumstances prevented the plaintiff from filing despite his or her diligence[,] the plaintiff actively pursued his or her judicial remedies by filing a defective pleading during the statutory

———————

[1] S.C. Code Ann. § 15-78-10 to -220 (2005 & Supp. 2025).
[2] 378 S.C. 516, 662 S.E.2d 618 (Ct. App. 2008).

period or the claimant has been induced or tricked by the defendant's misconduct into allowing the filing deadline to pass[,] [or] the plaintiff, despite all due diligence, is unable to obtain vital information bearing on the existence of his or her claim."); *id.* ("It has been held that equitable tolling applies principally if the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his or her rights. However, it has also been held that the equitable tolling doctrine does not require wrongful conduct on the part of the defendant, such as fraud or misrepresentation."). Moreover, Boyles failed to demonstrate he was prevented from timely filing suit due to extraordinary events beyond his control, warranting equitable tolling. *See Hooper v. Ebenezer Senior Servs. & Rehab. Ctr.*, 386 S.C. 108, 116, 687 S.E.2d 29, 32 (2009) ("It has been observed that '[e]quitable tolling typically applies in cases where a litigant was prevented from filing suit because of an extraordinary event beyond his or her control.'" (alteration in original) (quoting *Ocana v. Am. Furniture Co.*, 91 P.3d 58, 66 (2004))); *id.* at 117, 687 S.E.2d at 33 ("[E]quitable tolling is a doctrine that should be used sparingly and only when the interests of justice compel its use."); *Hughes ex rel. Est. of Hughes v. Bank of Am. Nat'l Ass'n*, 442 S.C. 113, 135-36, 898 S.E.2d 102, 114 (2024) ("The use of equitable tolling must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." (quoting *Lawrence v. Lynch*, 826 F.3d 198, 204 (4th Cir. 2016))). Therefore, because Boyles filed two weeks after the expiration of the statute of limitations, and his claims were not equitably tolled, we hold his claims are time-barred. *See* § 15-78-110 ("[A]ny action brought pursuant to [the SCTCA] is forever barred unless an action is commenced within two years after the date the loss was or should have been discovered . . . .").

2. We hold the circuit court did not err in dismissing Boyles's IIED claim. *See Rydde*, 381 S.C. at 646, 675 S.E.2d at 433 ("On appeal from the dismissal of a case pursuant to Rule 12(b)(6), an appellate court applies the same standard of review as the [circuit] court."); *id.* ("That standard requires the [appellate c]ourt to construe the complaint in a light most favorable to the nonmovant and determine if the 'facts alleged and the inferences reasonably deducible from the pleadings would entitle the plaintiff to relief on any theory of the case.'" (quoting *Williams*, 347 S.C. at 233, 553 S.E.2d at 499)). Although Boyles alleged that actions by Respondents Juneau Construction Company, LLC, and C and C Masonry, Inc., were intentional and therefore not immune, he did not allege a USC employee's actions were *intentional*. Rather, Boyles alleged USC's actions as a government entity were *reckless*. *See* § 15-78-70(b) ("Nothing in this chapter may be construed to give an employee of a governmental entity immunity from suit and liability if it is proved that the employee's conduct was not within the scope of his official duties or that it

constituted actual fraud, actual malice, intent to harm, or a crime involving moral turpitude.").  In addition, Boyles's reliance on *Gary v. S.C. Dep't of Corr.*[3]—a 2011 unpublished South Carolina Federal District Court case—to assert USC's conduct fell outside the SCTCA is unfounded.  *Gore v. Dorchester Cnty. Sheriff's Off.*,[4] a binding 2024 South Carolina Supreme Court case, dispositively held there is no separate cause of action in South Carolina for reckless infliction of emotional distress because it "is merely a subset of intentional infliction of emotional distress" and therefore, the bar on IIED claims under the SCTCA also applies to claims of reckless infliction of emotional distress.  Accordingly, we hold the circuit court did not err in finding the SCTCA barred Boyles's IIED claim.

3.  We hold Boyles's issue regarding whether the circuit court erred in dismissing USC as a party to the action is not preserved for appellate review—the circuit court's final order did not rule on this argument, and Boyles failed to file a motion to reconsider.  *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the [circuit court] to be preserved for appellate review."); *Noisette v. Ismail*, 304 S.C. 56, 58, 403 S.E.2d 122, 124 (1991) (holding that where a circuit court does not explicitly rule on an argument raised, and appellant makes no motion to reconsider to obtain a ruling, the appellate court should not address the issue).

**AFFIRMED.**[5]

**WILLIAMS, C.J., and KONDUROS and VINSON, JJ., concur.**

---

[3] No. CA 8:10-2037-MBS-JDA, 2011 WL 2746307 (D.S.C. July 14, 2011).
[4] 442 S.C. 438, 440, 900 S.E.2d 423, 424 (2024).
[5] We decide this case without oral argument pursuant to Rule 215, SCACR.